1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

9

CLARENCE JOHNSON,

Case No.

10

Plaintiff,

**NOTICE OF REMOVAL**

11

v.

12

MANDARICH LAW GROUP, LLP

13

Defendant.

14

15  **TO:        THE UNITED STATES DISTRICT COURT**

16  **FOR THE WESTERN DISTRICT OF WASHINGTON**

17        PLEASE TAKE NOTICE that defendant Mandarich Law Group, LLP ("Defendant"),

18  by and through its undersigned counsel, hereby removes the above-captioned action from the

19  Superior Court of Washington, King County to the United States District Court for the Western

20  District of Washington, pursuant to 28 U.S.C. § 1331, 1367, 1441 and 1446.  As grounds for

21  removal, Defendant states as follows:

22        1.        On September 30, 2025, Plaintiff Clarence Johnson ("Plaintiff") served an

23  unfiled Summons and Complaint captioned *Clarence Johnson v. Mandarich Law Group, LLP*,

24  Case No. ___, on CT Corporation System in its capacity as registered agent for Mandarich

25  Group, LLP.

26
27

FENNEMORE CRAIG, P.C.
999 Third Avenue Suite 600
Seattle, Washington 98104
(206) 749-0500

2.      Pursuant to Wash. Super. Ct. Civ. R. 3(a), service of the Summons and Complaint commenced this action in the Superior Court of Washington, King County (the "State Court Action").[1]

3.      Pursuant to Local Civil Rule 101(b) of the United States District Court for the Western District of Washington, a copy of the Complaint is attached hereto as **Appendix A**, and a copy of the related Summons is attached hereto as **Appendix B**.  The allegations forming the basis for this Court's original jurisdiction on federal question grounds are pled in the Complaint.

4.      The Defendant has not answered or otherwise pled in the State Court Action.

## **Grounds for Removal**

## **There is Federal Question Jurisdiction Under 28 U.S.C. § 1331**

5.      The Complaint alleges violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*  *See generally* Complaint (captioned as a Complaint under 15 U.S.C. § 1692 *et seq.*); *see also* Complaint at IV. ¶¶ 1-5 (seeking damages under 15 U.S.C. § 1692 *et seq.*).

6.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because the State Court Action is a civil action arising under the laws of the United States.  In the Complaint, Plaintiff seeks damages under 15 U.S.C. § 1692 *et seq.*), presumably alleging violations of Sections 1692e and 1692f of the FDCPA.  *See* Complaint, ¶¶ 4-19; *see also* Complaint at IV. ¶¶ 1-5.

7.      This Court has supplemental jurisdiction over the other claims in the Complaint pursuant to 28 U.S.C. § 1367(a).

---

[1] *See Pacuska v. Allied Van Lines, Inc.*, No. 05-5830, 2006 WL 521596, at *3–4 (W.D. Wash. Mar. 2, 2006) ("Washington law provides that an action is commenced with service of the summons and complaint. … There is nothing in the removal statute that requires a state court filing as a prerequisite to filing a notice of removal. … This Court recognizes the potential difficulty arising where a notice of removal is filed with the clerk of the state court prior to the plaintiff paying the filing fee and filing the summons and complaint.  Nonetheless, Washington law provides that the state court action has been commenced and the state court has acquired jurisdiction."); *see also Alderson v. Delta Air Lines, Inc.*, C18-1374JLR, 2018 WL 5240811, at *1 (W.D. Wash. Oct. 22, 2018) (denying motion to dismiss for lack of subject matter jurisdiction and/or improper removal).

**FENNEMORE CRAIG, P.C.**
999 Third Avenue Suite 600
Seattle, Washington 98104
(206) 749-0500

**Procedural Requirements**

8.    Defendant will promptly serve a copy of this Notice of Removal on counsel for Plaintiff and, as soon as practicable, file with the Clerk of the Superior Court of Washington, King County, a Notice of Filing of Notice of Removal pursuant to 28 U.S.C. § 1446(d).

9.    Other than the aforementioned Summons and Complaint, no other process, pleading, or order has been served on the Defendant in this action.

10.    This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.

11.    This Notice of Removal is timely because Defendant has filed this Notice within thirty (30) days after service of the Complaint, which is the initial pleading setting forth the claim for relief upon which such action or proceeding is based pursuant to 28 U.S.C. § 1446(b)(1).

12.    By removing this matter, Defendant does not waive, and expressly preserves, any and all defenses that it may have, including, but not limited to, lack of personal jurisdiction.

13.    Intradistrict assignment: Pursuant to LCR 3(e), assignment to the Seattle Division of the District Court for the Western District of Washington is appropriate.  The State Court Action was commenced in King County Superior Court, and the claim arose in King County.

14.    Pursuant to LCR 101(c), Defendant has filed an Attorney Verification of State Court Record stating that—other than the Summons and Complaint—no additional records or proceedings exist in the State Court Action.

WHEREFORE, Defendant prays that the above-captioned matter be removed from the Superior Court of Washington, King County, to the United States District Court for the Western District of Washington for the reasons stated above.

///

///

///

NOTICE OF REMOVAL - 3
Case No.

**FENNEMORE CRAIG, P.C.**
999 Third Avenue Suite 600
Seattle, Washington 98104
(206) 749-0500

1

2          DATED: October 30, 2025.

3                                    FENNEMORE CRAIG, P.C.

4

5                          By:    /s/ Stephen C. Willey
                           By:    /s/ Brian N. Nadler
6                          Stephen C. Willey, WSBA #24499
7                          Brian C. Nadler, WSBA #51199
                           999 Third Avenue, Suite 600
8                          Seattle, Washington 98104
                           Telephone:  206.749.0500
9                          Facsimile:  206.749.0600
                           Email: swilley@fennemorelaw.com
10                         Email: bnadler@fennemorelaw.com

11                         Attorneys for Defendant Mandarich Law Group, LLP
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

# Appendix A

1

2

3

4

5

6

7

8

IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR KING COUNTY

9  CLARENCE JOHNSON,

10              Plaintiff,

11     vs.

12  MANDARICH LAW GROUP, LLP,

13              Defendant.

NO.

**COMPLAINT FOR VIOLATIONS OF 15
U.S.C. § 1692 ET SEQ. AND RCW
CHAPTERS 19.16 AND 19.86 ET SEQ.**

14

15     COMES NOW Plaintiff, by and through counsel, who alleges:

16              **I.    PARTIES AND JURISDICTION**

17     1.    Plaintiff Clarence Johnson is an individual who resides in Washington State.

18     2.    Defendant Mandarich Law Group, LLP ("MLG") is a foreign limited liability

19  entity who is a debt collector and collection agency doing business in Washington and who

20  attempted to collect an alleged debt from the Plaintiff.  MLG's registered agent is National

21  Registered Agents Inc., located at 711 Capitol Way S, Ste 204, Olympia, WA, 98501-1267.

22     3.    Jurisdiction over Defendant is proper as Defendant is doing business in

23  Washington State, including King County, and venue is statutorily appropriate in King County,

Complaint - 1

Washington.

## II.    FACTS

4.      Plaintiff is a hardworking individual who works in the private security industry and who resides in King County.

5.      In mid-September 2025, Mr. Johnson opened his door to a process server and was handed a series of papers which included an ostensible summons and complaint.  A copy of said papers is attached hereto as **Exhibit A**.

6.      Mr. Johnson had never been party to a lawsuit before.  As he reviewed each of the documents provided, it was clear that Mandarich Law Group ("MLG," Defendant herein) believed that Mr. Johnson owed money to a large national bank, though it was unclear whether this was, in fact, a lawsuit.

7.      Indeed, the Washington legislature had been aware of the problem that could occur when individuals were served with debt collection lawsuits which did not bear any case number.[1]  RCW 19.16.250(28) provides that a collection agency may not "[s]erve a debtor with a summons and complaint unless the summons and complaint have been filed with the court **and bear the case number assigned by the court**." (emphasis added).  RCW 19.16.250(28) does not permit a collection agency to delegate this responsibility.

8.      In Mr. Johnson's case, the documents he received via process server included no case number, but instead bore an illegible series of symbols; the space where a case number could be written in was blank for each of the four documents which were supposed to bear a case number.

---

[1] *See* 2019 legislative findings, (1)(d) c 201, to RCW 19.16.250 ("In the debt collection context, many unrepresented defendants reasonably conclude that the unnumbered summons and complaint are not valid.").

Complaint - 2

**ANDERSON|SANTIAGO**
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

9.      As of 2025, society as a whole is acclimated to being wary of scams and similar attempts to separate people from their hard-earned incomes.  Mr. Johnson was suspicious of the documents he received and had little reason to want to contact those who purported to draft them (in this case, MLG), given his concerns that this may have been a sophisticated effort to obtain money unlawfully.

10.     However the documents came to carry unintelligible symbols instead of case numbers is irrelevant; MLG provided its process server with these documents to perform service of process on Mr. Johnson in an attempt to collect money.

11.     Moreover, on information and belief, MLG is aware that this type of software or font problem has occurred in the past, and MLG has not taken steps to address the matter.

12.     In addition, Mr. Johnson also had never heard of, or from, MLG before.  On information and belief, the ostensible summons and complaint (and associated documents) represented by Exhibit A is the first communication from MLG to Mr. Johnson.

13.     RCW 19.16.250(8) and (9) mandate the disclosure of certain information, such as the date of last payment and the collection agency's name and "the city, street, and number at which he or she is licensed to do business."  [As the first communication from MLG was by way of the documents received in Exhibit A, RCW 19.16.250(9) applies.]

14.     MLG's only provided address, across all 12 pages of documentation in Exhibit A, is a post office box.  Though this is the mailing address borne by MLG's Washington State collection agency license, it is not a street address.  MLG's Washington registration does contain an address with a proper street address (1700 Main Street, Suite 218, in Washougal, WA) as well as a main office address in California with a proper street address, but neither are listed anywhere in any communication to Mr. Johnson.

Complaint - 3

**ANDERSON | SANTIAGO**
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665 / F (206) 395-2719

15. The date of Mr. Johnson's alleged last payment – the date upon which the statute of limitations would generally begin to run – is also not present in the documents served upon him. Upon information and belief, this information is known, or otherwise so readily available as to constitute actual knowledge, by MLG.

16. While the foregoing may seem like nuisances, minor oversights, or meaningless trivialities, it must be remembered that the Washington Legislature enacted RCW 19.16.250 (and its subsections) for particular reasons. Following the governing law is neither trivial nor meaningless; if a collection agency wishes to do business in Washington, there is a clear "code of conduct" in the Washington Collection Agency Act which prescribes how to go about doing so lawfully. Individuals like Mr. Johnson – a law-abiding citizen without formal education in the law and who suffered a short bout of unemployment – are precisely the types of individuals that the law is intended to protect.

17. When he received MLG's documentation at his house after a long day at work, Mr. Johnson had difficulty determining his next course of action. As he was given documents which appeared to be a lawsuit but which bore no case number and for which the issuing party (MLG) provided only an out-of-state post office box, Mr. Johnson continued returning to the fear that this was a scam (and he did not want to provide any of his own information in furtherance of any scam).

18. In conclusion, the relevant portions of RCW 19.16.250 in this case are those that are designed to ensure fairness, transparency, and to convey legitimacy. These are important interests, regardless of what level of technicality a collection agency may find them to be.

19. As a result of Defendant's actions detailed above, Plaintiff has incurred expenses in seeking and retaining counsel in connection with ascertaining his legal rights and

Complaint - 4

ANDERSON | SANTIAGO
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

1    responsibilities, and has suffered financial uncertainty, unease, and distress caused by

2    Defendant's tactics and communications, which are false, misleading, improper, and/or

3    confusing.

### III.    CAUSES OF ACTION

### GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

6    20.    With respect to the alleged debt, Plaintiff is a "debtor" as defined by RCW

7    19.16.100(8) and Defendant is a collection agency as defined by RCW 19.16.100(4).

8    21.    Violations of RCW 19.16.250 are per se violations of the Consumer Protection

9    Act ("CPA"), RCW chapter 19.86.[2]  See RCW 19.16.440.  RCW 19.86.090 provides for treble

10   damages (to a limit of $25,000) and attorney's fees.

11   22.    Because RCW Chapter 19.16 is enforced through RCW 19.86 et seq., the below

12   counts alleging violations of RCW Chapter 19.16 are therefore CPA violations.

13   23.    Even minimal or nominal damages constitute "injury" under the CPA.  Panag,

14   166 Wn.2d at 57.  A plaintiff need not prove any monetary damages at all, as even

15   "unquantifiable damages" suffice to establish "injury" for purposes of the CPA.  Id. (citing

16   Nordstrom, Inc. v. Tampourlos, 107 Wn.2d 735, 740 (1987)).

17   24.    Here, Mr. Johnson's injury includes amounts incurred in connection with seeking

18   legal counsel to determine his rights and responsibilities related to MLG's service of process of

19   Exhibit A, which includes but is not limited to travel costs and other expenses.

### Count 1

21   25.    A collection agency may not "[s]erve a debtor with a summons and complaint

---

[2] See Panag v. Farmers Ins. Co. of Wash., 166 Wn.2d 27, 53 (2009) ("Consumer debt collection is a highly regulated field.  When a violation of debt collection regulations occurs, it constitutes a per se violation of the CPA…").

Complaint - 5

**ANDERSON | SANTIAGO**
207B Sunset Blvd N.
Renton, WA 98057
(206) 395-2665 / F (206) 395-2719

unless the summons and complaint have been filed with the court and bear the case number assigned by the court." RCW 19.16.250(28).

26.    MLG did exactly that – it served Mr. Johnson with a summons and complaint which did not bear the case number assigned by the court.

27.    How the documents came to contain nonsense characters in lieu of a case number is absolutely irrelevant; the fact remains that MLG did not bother to even undertake a cursory glance at its own documents.

28.    Defendant MLG therefore violated RCW 19.16.250(21).

<div align="center">**Count 2**</div>

29.    Where a summons and complaint is the first communication by a collection agency to a debtor, RCW 19.16.250(9) requires that a collection agency provide the date of last payment on the alleged debt.

30.    MLG, upon information and belief, knew or had access amounting to knowledge of, the date of last payment on the alleged debt, but did not provide that information to Mr. Johnson.

31.    Defendant MLG therefore violated RCW 19.16.250(9).

<div align="center">**Penalties**</div>

32.    As described above, a violation of RCW 19.16.250 constitutes a violation of the Consumer Protection Act, RCW Chapter 19.86. *See* RCW 19.16.440.

33.    In this case, Plaintiff Clarence Johnson feared that he was being targeted by a scam, which is something which Washington law expressly forbids (by requiring collection agencies include the case number on lawsuits to collect debts). All MLG had to do to avoid this outcome was to follow Washington law.

34.    RCW 19.86.140 provides for a civil penalty of up to $7,500 per violation for any

Complaint - 6

<div align="right">**ANDERSON|SANTIAGO**
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719</div>

1  unfair act or practice in violation of the CPA (RCW 19.86.020), and the violation of the WCAA

2  is one such violation (RCW 19.16.440).[3]  For other violations related to unlawful restraints of

3  trade, RCW 19.86.140 provides that the attorney general may seek penalties in those cases.

4      35.    Plaintiff is aware of case law from a time when Gerald Ford was just getting his sea

5  legs of the presidency which – despite (or because of) a misquotation of statutory language –

6  suggests that no individual may seek any statutory penalty.  The plain text of RCW 19.86.140

7  expressly states otherwise.

8      36.    In the fifty (50) subsequent years of jurisprudence, the Washington court system

9  has robustly examined and reformed the law surrounding the Consumer Protection Act,

10 recognizing its importance to the public and its deterrent effect on unlawful practices.  Presumably

11 due to the access-to-justice problems inherent in consumer protection statutes (wherein victims

12 lack the resources sufficient to litigate issues through the appellate system), it was not until 2009

13 when the Washington Supreme Court expressly eliminated any purported "standing" requirements

14 to bring claims under the CPA.  *Panag v. Farmers Ins. Co. of Washington*, 166 Wn.2d 27, 65

15 (2009).  In short, the arc of history bends toward <u>enforcement</u> of the legislature's enactments in

16 RCW Chapter 19.86, not exceptions thereto.

17     37.    In 2021, the legislature enacted several statutory findings to RCW 19.86.140, which

18 include that "Strong penalties ensure accountability, deter violations, and ensure a level playing

19 field for businesses," and that "Washington currently does not provide strong penalties for

20 violations of the state's consumer protection act, which prohibits unfair or deceptive acts or

---

[3] RCW 19.86.140 provides: "**Every person** who violates RCW 19.86.020 **shall** forfeit and pay a civil penalty of not more than $7,500 for each violation." (Emphasis added).  The statute does not exempt certain defendants from its purview, nor does it exempt defendants based on the identity of the plaintiff who brings a lawsuit.

Complaint - 7

ANDERSON | SANTIAGO
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

practices and unfair methods of competition," among other relevant findings. In 2024, the legislature enacted separate findings related to penalties for the purpose of antitrust enforcement.

38.     As RCW 19.86.140 exists today, there is no possible reading – as a matter of language, common sense, or overall policy – which restricts enforcement of the civil penalty for violations of the CPA (for unfair acts or practices) to the attorney general and which deprives individuals of that right.

39.     To the extent there is any precedent foreclosing Plaintiff from enforcing the civil penalty contained in RCW 19.86.140 – he would argue no such precedent exists for the *current* version of RCW 19.86.140 presently enshrined in law – Plaintiff brings this action to challenge such precedent as either inapplicable by way of statutory amendment, wrongly decided, or any other argument suited to the modern era.

40.     Lastly, Plaintiff would observe that on the statutory and jurisprudential backdrop of all Consumer Protection Act statutes, there is no plausible common-sense version of events where the State of Washington would specifically proscribe conduct (i.e. bringing collection lawsuits without a case number) but provide no enforceable penalty unless the attorney general's office took special interest in one person's case. The legislature has declared that enforcement of penalties is necessary to deter unlawful conduct, and that individuals are permitted to enforce the Consumer Protection Act.

41.     Plaintiff therefore requests enforcement of the statutory penalty described herein for each violation of the Consumer Protection Act.

### Request for Injunctive Relief

42.     A plaintiff may seek injunctive relief for violations of the Consumer Protection Act. RCW 19.86.090.

Complaint - 8

**ANDERSON | SANTIAGO**
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

43.     Plaintiff does seek injunctive relief from this Court which would enjoin Defendant from collecting debts in the manner described above from both Plaintiff and any other person similarly situated.  *Scott v. Cingular Wireless*, 160 Wn. 2d 843, 853 (2007).

44.     Specifically, Plaintiff seeks an injunction prohibiting Defendant from serving debtors with lawsuits bearing no case number, among other tactics.

45.     Plaintiff has reason to believe these actions make up a pattern and practice of behavior and have impacted other individuals similarly situated.

46.     Injunctive relief is necessary to prevent further injury to Plaintiff and to the Washington public as a whole.

47.     Injunctive relief should therefore issue as described herein.

## IV.  **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays:

1.      For Judgment against Defendant for actual damages.

2.      For statutory damages of $1,000.00 for FDCPA violations, per Plaintiff.

3.      For statutory damages of $7,500.00 per violation for Washington Collection Agency Act and Consumer Protection Act violations, per Defendant.

4.      For treble damages, pursuant to RCW 19.86.090, calculated from the damages determined by the court.

5.      For costs and reasonable attorney's fees as determined by the Court pursuant to 15 U.S.C. 1692k(a)(3) and other applicable law.

//

//

Complaint - 9

**ANDERSON | SANTIAGO**
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665 / F (206) 395-2719

6.    For injunctive relief pursuant to RCW 19.86.090 as described above.

Respectfully submitted this 29th day of September, 2025.

ANDERSON SANTIAGO, PLLC

By:_____

Jason D. Anderson, WSBA No. 38014
T. Tyler Santiago, WSBA No. 46004
Attorneys for Plaintiff
207B Sunset Blvd. N.
Renton, WA 98057
(206) 395-2665
(206) 395-2719 (fax)

Complaint - 10

# EXHIBIT A

Electronically Filed
JËÐÐ¢Ï Á KÞ¢¢ÁÐ
G¢ ÔQXFFH¢ GFSÔÝ
King County District Court

1
2
3
4
5
6
7
8
9
10
11
12
13

KING COUNTY DISTRICT COURT, SOUTH DIVISION
IN AND FOR THE STATE OF WASHINGTON

JPMorgan Chase Bank, N.A.,

    Plaintiff,

       v.

CLARENCE E JOHNSON, III,

    Defendant.

Case No.: _____

**SUMMONS**

14
15
16

    **TO THE DEFENDANT**: A lawsuit has been started against you in the above-entitled court by JPMorgan Chase Bank, N.A., plaintiff. Plaintiff's claim is stated in the written Complaint, a copy of which is served upon you with this Summons.

17
18
19
20

    In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing and serve a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what he asks for because you have not responded. If you serve a notice of appearance on the undersigned person you are entitled to notice before a default judgment may be entered.

21
22

    Any response or notice of appearance which you serve on any party to this lawsuit must also be filed by you with the court within 20 days after the service of Summons, excluding the day of service.

23
24

    If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

25
26

Page 1 – SUMMONS

5305599

**MANDARICH LAW GROUP, LLP**
P.O. Box 109032, Chicago, IL 60610
T: 866.757.4738: F: 818.888.1260

1

       This Summons is issued pursuant to Rule 4 of the Civil Rules for Courts of Limited

2

Jurisdiction.

3

       DATED: 08/01/2025

4

                                 Respectfully submitted:

5

                                 **MANDARICH LAW GROUP, LLP**

6

7

8

                                 Brendan Wilson, WSBA 47420

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**MANDARICH LAW GROUP, LLP**
P.O. Box 109032, Chicago, IL 60610
T: 866.757.4738: F: 818.888.1260

Electronically Filed

JUDGE A HECCAT

CI ÒQXFFH CFSÔÝ

King County District Court

1

2

3

4

5

6

7

KING COUNTY DISTRICT COURT, SOUTH DIVISION
8      IN AND FOR THE STATE OF WASHINGTON

9   JPMorgan Chase Bank, N.A.,

10          Plaintiff,                          Case No.: _____

11              v.                              **COMPLAINT**

12   CLARENCE E JOHNSON, III,                   **(Open Account [OPA])**

13          Defendant.

14

15   **PLAINTIFF ALLEGES:**

16                                    1.

17        JPMorgan Chase Bank, N.A. ("Plaintiff") is a national banking association in good

18   standing.  Plaintiff has all necessary licenses and has paid all applicable fees requisite to bring

19   this action.

20                                    2.

21        CLARENCE E JOHNSON, III ("Defendant") is believed to reside in KING COUNTY,

22   Washington.

23

24

25

26

Page 1 = COMPLAINT                          **MANDARICH LAW GROUP, LLP**
                                            P.O. Box 109032, Chicago, IL 60610
                                            T: 866.757.4738; F: 818.888.1260

5305599

3.

Defendant opened a credit card account XXXXXXXXXXXXX7658 with JPMorgan Chase Bank, N.A. on or about 12/07/2016. JPMorgan Chase Bank, N.A. extended credit and granted charge privileges to Defendant in exchange for the Defendant's promise to pay the balances that Defendant accrued.

4.

JPMorgan Chase Bank, N.A. sent monthly billing statements to Defendant indicating the minimum payments due each month. Defendant has defaulted on said account.

5.

By the use of said credit account, Defendant became indebted on said account in the stated amounts, the unpaid balance of which is $10,149.48. That amount is fully due and owing to JPMorgan Chase Bank, N.A. Plaintiff expressly disclaims attorney fees, costs, prevailing party fees and both pre-judgment and post-judgment interest. Attached hereto as Exhibit A is Plaintiff's charge-off statement evidencing the amount due, less all applicable credits.

6.

WHEREFORE, Plaintiff prays for judgment against Defendant for the sum of $10,149.48, without attorney fees, costs, prevailing party fees and without both pre-judgment and post-judgment interest.

DATED: August 1, 2025

Respectfully submitted:

**MANDARICH LAW GROUP, LLP**

Brendan Wilson, WSBA 47420

Page 2 – COMPLAINT

**MANDARICH LAW GROUP, LLP**
P.O. Box 109032, Chicago, IL 60610
T: 866.757.4738: F: 818.888.1260

5305599

# Exhibit A

 


| March 2025 | | | | | | |
|---|---|---|---|---|---|---|
| S | M | T | W | T | F | S |
| 23 | 24 | 25 | 26 | 27 | 28 | 1 |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 23 | 24 | 25 | 26 | 27 | 28 | 29 |
| 30 | 31 | 1 | 2 | 3 | 4 | 5 |

**New Balance**
$10,149.48

**Minimum Payment Due**
$2,495.00

**Payment Due Date**
03/26/25

**Late Payment Warning:** If we do not receive your minimum payment by the date listed above, you may have to pay a late fee of up to $37.00 and your APR's will be subject to increase to a maximum Penalty APR of 29.99%.

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay... | You will pay off the balance shown on this statement in about... | And you will end up paying an estimated total of... |
|---|---|---|
| Only the minimum payment | 20 years | $24,149 |

If you would like information about credit counseling services, call

## ACCOUNT SUMMARY

**Account Number: XXXX XXXX XXXX 7658**

| | |
|---|---|
| Previous Balance | $9,968.27 |
| Payment, Credits | $0.00 |
| Purchases | $0.00 |
| Cash Advances | $0.00 |
| Balance Transfers | $0.00 |
| Fees Charged | $0.00 |
| Interest Charged | +$181.21 |
| **New Balance** | **$10,149.48** |
| Opening/Closing Date | 02/03/25 - 03/02/25 |
| Credit Access Line | $8,500 |
| Available Credit | $0 |
| Cash Access Line | $1,700 |
| Available for Cash | $0 |
| **Past Due Amount** | **$2,213.00** |
| **Balance over the Credit Access Line** | **$1,649.48** |

## YOUR AMAZON VISA POINTS

| | |
|---|---|
| Previous points balance | 0 |
| + 3% back on Amazon.com purchases | 0 |
| + 3% back on Whole Foods Market purchases | 0 |
| + 2% back at gas stations | 0 |
| + 2% back at restaurants | 0 |
| + 3% back on Chase Travel purchases | 0 |
| + 2% back on local transit/commuting | 0 |
| + 1% back on all other purchases | 0 |

**Total points available for redemption**                    0

Reward your routine everywhere you shop with your Amazon Visa. The % back rewards you earn under the program are tracked as points. Each $1 in % back rewards earned is equal to 100 points.

As of this statement, your card earned 3% back at Amazon.com, Whole Foods Market, and on Chase Travel purchases. To check your reward status, sign into the Amazon account where your card is loaded, visit "Your Account" page and click "Your Payments" to view your "Rewards status." If the Amazon account has an eligible Prime membership, your card could be earning 5% back on Amazon.com and Whole Foods Market purchases.

Have a question about an Amazon order? Sign in to your Amazon account and go to "Your Account," then "Your Orders" to view recent orders. For questions about purchases or returns, call Amazon Customer Service at 1-888-283-1190.

## YOUR ACCOUNT MESSAGES

You are over your credit line/credit access line by $1,649.48. You can pay down your balance faster by including this amount with your payment.

Your account is closed and no longer available for use.

amazon | CHASE ◉

**P.O. BOX 15123**
**WILMINGTON, DE 19850-5123**
For Undeliverable Mail Only

The Past Due amount of $2,213.00 is included in your Minimum Payment.

| | |
|---|---|
| **Payment Due Date:** | **03/26/25** |
| **New Balance:** | **$10,149.48** |
| **Minimum Payment Due:** | **$2,495.00** |

Account number: XXXX XXXX XXXX 7658

$_____    Amount Enclosed
Make/Mail to Chase Card Services at the address below:

CLARENCE E JOHNSON III
15405 DES MOINES MEMORIAL DR S
APT P105
BURIEN WA 98148-2548

CARDMEMBER SERVICE
PO BOX 6294
CAROL STREAM IL 60197-6294



**To contact us regarding your account:**

| Call Customer Service: | Send Inquiries to: | Mail Payments to: | Visit Our Website: |
|---|---|---|---|
| In U.S. [redacted]<br>Spanish 1-888-446-3308<br>Pay by phone 1-800-436-7958<br>International 1-302-594-8200<br>We accept operator relay calls | P.O. Box 15298<br>Wilmington, DE 19850-5298 | P.O. Box 6294<br>Carol Stream, IL 60197-6294 | www.chase.com/cardhelp |

## Information About Your Account

**Making Your Payments:**
The amount of your payment should be at least your minimum payment due, payable in U.S. dollars and drawn on or payable through a U.S. financial institution or the U.S. branch of a foreign financial institution. You can pay down balances faster by paying more than the minimum payment or the total unpaid balance on your account.

You may make payments electronically through our website or by one of our customer service phone numbers above. In using any of these channels, you are authorizing us to withdraw funds as a one-time electronic funds transfer from your bank account. In our automated phone system, this authorization is provided via entry of a personal identification number. You may revoke this authorization by canceling your payment through our website or customer service telephone numbers prior to the payment processing. If we receive your completed payment request through one of these channels by 11:59 p.m. Eastern Time, we will credit your payment as of that day. If we receive your request after 11:59 p.m. Eastern Time, we will credit your payment as of the next calendar day. If you specify a future date in your request we will credit your payment as of that day.

If you pay by regular U.S. mail to the Payments address shown on this statement, write your account number on your check or money order and include the payment coupon in the envelope. Do not send more than one payment or coupon per envelope. Do not staple, clip or tape the documents. Do not include correspondence. Do not send cash. If we receive your properly prepared payment on any day by 5 p.m. local time at our Payments address on this statement, we will credit to your account that day. If your payment is received after 5 p.m. local time at our Payments address on this statement, we will credit it to your account as of the next calendar day.

For all other payments or for any payment type above for which you do not follow our payment instructions, crediting of your payments may be delayed for up to 5 days.

**Account Information Reported To Credit Bureau:**
We may report information about your Account to credit bureaus. Late payments, missed payments or other defaults on your Account may be reflected in your credit report. If you think we have reported inaccurate information to a credit bureau, please write to us at Chase Card Services P.O. Box 15369, Wilmington, DE 19850-5369.

**Authorization To Convert Your Check To An Electronic Transfer Debit:**
When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check. Your bank account may be debited as soon as the same day we receive your payment. You will not receive your check back from your institution.

**Conditional Payments:**
Any payment check or other form of payment that you send us for less than the full balance due that is marked "paid in full" or contains a similar notation, or that you otherwise tender in full satisfaction of a disputed amount, must be sent to Card Services, P.O. Box 15049, Wilmington, DE 19850-5049. We reserve all our rights regarding these payments (e.g., if it is determined there is no valid dispute or if any such check is received at any other address, we may accept the check and you still owe any remaining balance). We may refuse to accept any such payment by returning it to you, not cashing it or destroying it. All other payments that you make should be sent to the regular Payment address shown on this statement.

**Annual Renewal Notice:**
If your Account Agreement has an annual membership fee, you are responsible for it every year your Account is open. We will add your annual membership fee to your monthly billing statement once a year, whether or not you use your account. Your annual membership fee will be added to your purchase balance and may incur interest. The annual membership fee is non-refundable unless you notify us that you wish to close your account within 30 days or one billing cycle (whichever is less) after we provide the statement on which the annual membership fee is billed. Your payment of the annual membership fee does not affect our rights to close your Account and to limit your right to make transactions on your Account. If your Account is closed by you or us, the annual membership fee will no longer be billed to your Account.

**Calculation Of Balance Subject To Interest:**
To figure your periodic interest charges for each billing cycle when a daily periodic rate(s) applies, we use the daily balance method (including new transactions). To figure your periodic interest charges for each billing cycle when a monthly periodic rate(s) applies, we use the average daily balance method (including new transactions). For an explanation of either method, or questions about a particular interest charge calculation on your statement, please call us at the toll free customer service phone number listed above.

We calculate periodic interest charges separately for each feature (for example, purchases (including Chase Pay Over Time plans created at checkout with select merchants), balance transfers, cash advances, My Chase Loan or overdraft advances). These calculations may combine different categories with the same periodic rates. Variable rates will vary with the market based on the Prime Rate or such index described in your Account Agreement. There is a transaction fee for each balance transfer, cash advance, or check transaction in the amount stated in your Account Agreement. There is a foreign transaction fee of 3% of the U.S. dollar amount of any foreign transaction for some accounts. For fee-based Chase Pay Over Time plans, there is a fixed monthly fee of up to 1.72% of the amount of each eligible purchase transaction or amount you select to pay over time with no interest. Please see your Account Agreement for information about these fees.

We add transactions and fees to your daily balance no earlier than:

1. the date of the transaction - for new purchases (including Chase Pay Over Time plans created at checkout with select merchants), balance transfers, cash advances, or My Chase Loans;
2. the date the payee deposits the check - for new cash advance checks or balance transfer checks;
3. the date of a related transaction, the date they are posted to your account, or the last day of the billing cycle, whichever we may choose - for fees.

**How To Avoid Paying Interest On Purchases:**
Your due date will be a minimum of 21 days after the close of each billing cycle. If you pay your account (or Interest Saving Balance) in full each billing period by the date and time due, no interest is charged on new purchases month to month. Also, we will not impose interest charges on any portion of a purchase balance you repay while that balance is subject to an interest-free period. Subject to any interest-free period for new purchases, we will begin charging interest from the date a transaction (including any balance transfer, cash advance or overdraft advance), fee or interest charge is added to your daily balance until your account is paid in full. Because we apply payments in excess of your minimum payment first to higher rate balances, you may not be able to avoid interest charges on new purchases if you have another balance at a higher interest rate unless you pay your balance (or Interest Saving Balance) in full each month.

**Credit Limit:**
If you want to inquire about your options to help prevent your account from exceeding your credit limit, please call the number on the back of your card.

**What To Do If You Think You Find A Mistake On Your Statement:**
If you think there is an error on your statement, write to us on a separate sheet at Customer Service, P.O. Box 15299, Wilmington, DE 19850-5299.

In your letter, give us the following information:

- Account information: Your name and Account number.
- Dollar amount: The dollar amount of the suspected error.
- Description of Problem: If you think there is an error on your bill, describe what you believe is wrong and why you believe it is a mistake.

You must contact us within 60 days after the error appeared on your statement.

You must notify us of any potential errors in writing. You may call us or notify us electronically, but if you do we are not required to investigate any potential errors and you may have to pay the amount in question.

While we investigate whether or not there has been an error, the following are true:

- We cannot try to collect the amount in question, or report you as delinquent on that amount.
- The charge in question may remain on your statement, and we may continue to charge you interest on that amount. But, if we determine that we made a mistake, you will not have to pay the amount in question or any interest or other fees related to that amount.
- While you do not have to pay the amount in question, you are responsible for the remainder of your balance.
- We can apply any unpaid amount against your credit limit.

**Your Rights If You Are Dissatisfied With Your Credit Card Purchases:**
If you are dissatisfied with the goods or services that you have purchased with your credit card, and you have tried in good faith to correct the problem with the merchant, you may have the right not to pay the remaining amount due on the purchase.

To use the right, all of the following must be true:

1. The purchase must have been made in your home state or within 100 miles of your current mailing address, and the purchase price must have been more than $50. (Note: Neither of these are necessary if your purchase was based on an advertisement we mailed to you, or if we own the company that sold you the goods or services.)
2. You must have used your credit card for the purchase. Purchases made with cash advances from an ATM or with a check that accesses your credit card Account do not qualify.
3. You must not yet have fully paid for the purchase.

If all of the criteria above are met and you are still dissatisfied with the purchase, contact us in writing at Customer Service, P.O. Box 15299, Wilmington, DE 19850-5299.

While we investigate, the same rules apply to the disputed amount as discussed above. After we finish our investigation, we will tell you our decision. At that point, if we think you owe an amount and you do not pay we may report you as delinquent.

MA04012024

To manage your account, including card payments, alerts, and change of address, visit **www.chase.com/cardhelp** or call the customer service number which appears on your account statement.

Case 2:25-cv-02342-NR Document 1-1 Filed 09/25/25 Page 24 of 32 
Download the Chase Mobile® app today

# ACCOUNT ACTIVITY

| Date of Transaction | Merchant Name or Transaction Description | $ Amount |
|---|---|---|
| **INTEREST CHARGED** | | |
| 03/02 | PURCHASE INTEREST CHARGE | 181.21. |
| | TOTAL INTEREST FOR THIS PERIOD | $181.21 |

| 2025 Totals Year-to-Date | |
|---|---|
| Total fees charged in 2025 | $74.00 |
| Total interest charged in 2025 | $575.33 |

Year-to-date totals do not reflect any fee or interest refunds you may have received.

# INTEREST CHARGES

Your Annual Percentage Rate (APR) is the annual interest rate on your account.

| Balance Type | Annual Percentage Rate (APR) | Balance Subject To Interest Rate | Interest Charges |
|---|---|---|---|
| **PURCHASES** | | | |
| Purchases | 23.49%(v)(d) | $10,055.39 | $181.21 |
| **CASH ADVANCES** | | | |
| Cash Advances | 29.24%(v)(d) | - 0 - | - 0 - |
| **BALANCE TRANSFERS** | | | |
| Balance Transfers | 23.49%(v)(d) | - 0 - | - 0 - |
| | | | **28 Days in Billing Period** |

(v) = Variable Rate
(d) = Daily Balance Method (including new transactions)
(a) = Average Daily Balance Method (including new transactions)
Please see Information About Your Account section for the Calculation of Balance Subject to Interest Rate, Annual Renewal Notice, How to Avoid Interest on Purchases, and other important information, as applicable.

Electronically Filed

J̶D̶B̶G̶ Á̶K̶H̶C̶C̶A̶I̶T̶

G̶Í̶ Ô̶Q̶X̶F̶F̶H̶ G̶F̶S̶Ô̶Ý̶

King County District Court

## KING COUNTY DISTRICT COURT
## STATE OF WASHINGTON
### South Division, Burien Courthouse
### CASE INFORMATION COVER SHEET

| | |
|---|---|
| Case Number _____ | |
| Attorney Name Brendan Wilson | Bar No. WSBA No. 47420 |
| Plaintiff JPMorgan Chase Bank, N.A. | |
| Defendant CLARENCE E JOHNSON, III | |
| Amount Requested $ 10,149.48 | |

Please check <u>one</u> category that best describes this case for indexing purposes. Accurate case indexing not only saves time in docketing new cases, but helps in forecasting needed judicial resources. Cause of action definitions are listed on this form.

| | | |
|---|---|---|
| ☐ Animal Impound (AMI) | ☐ Loan (LOA) | ☐ Restitution (RES) |
| ☐ Automobile Damages (AUT) | ☐ Municipal Court Judgment (MCJ) | ☐ Services Rendered (SER) |
| ☐ Breach of Contract (BRE) | ☐ NSF Check (NSF) | ☐ Tow – Private (PRI) |
| ☐ Damage Deposit (DD) | ☒ Open Account (OPA) | ☐ Tow – Public (PUB) |
| ☐ Deposition Sister State (DEP) | ☐ Personal Injury (PIN) | ☐ Written Instrument (WR) |
| ☐ District Court Judgment (DCJ) | ☐ Petition for Seized Goods (PFS) | |
| ☐ Foreign Judgment (FJU) | ☐ Property Damages (PRP) | ☐ Other (OTH) (Specify): |
| ☐ Goods and Services (GS) | ☐ Rent (REN) | |
| ☐ Lease Agreement (LA) | ☐ Replevin (REP) | |

**If you cannot determine the appropriate category, please describe the cause of action below:**

_____

[describe action]

Civil Case Information Cover Sheet
KCDC – March 2017

## CASE INFORMATION COVER SHEET DEFINITIONS

| | |
|---|---|
| **Animal Impound** - Civil animal impound proceedings filed pursuant to RCW 16.08.080. | **Open Account** – Money due on a revolving account. |
| **Automobile Damages** – Complaint involving damage to an automobile. | **Personal Injury** – Complaint involving physical injury. |
| **Breach of Contract** – Complaint involving monetary dispute where a breach of contract is involved. | **Petition for Seized Goods** – Petition for return of money or possessions seized by a police agency. |
| **Damage Deposit** – Request for the return of damage deposit. | **Property Damage** – Complaint involving damage to property. |
| **Deposition Sister State** – Request by out of state party for judge to sign subpoena/subpoena duces tecum for party within the court's venue. | **Rent** – Money due for rent owing. |
| **District Court Judgment** – Criminal or infraction judgment filed by a collection agency representing a district court for legal action. | **Replevin** – Action for recovery of plaintiff personal property or monetary value. |
| **Foreign Judgment** - Any judgment, decree, or order of a court of the United States, or of any state or territory, which is entitled to full faith and credit in this state. | **Restitution** – Petition for restoring property or proceeds; not an unlawful detainer. |
| **Foreclosure** – Complaint involving termination of ownership rights when a mortgage or tax foreclosure is involved, where ownership is not in question. | **Services** – Money due for services rendered. |
| **Goods and Services** – Money owed for goods and services rendered. | **Tow Private** – Request for impound hearing where vehicle was towed from personal property. |
| **Lease Agreement** - Money owed on lease agreement. | **Tow Public** – Request for impound hearing where vehicle is towed from public property. |
| **Loan** – Money due on a loan. | **Wages** – Money owed for wages earned. |
| **Municipal Court Judgment** - Criminal or infraction judgment filed by a collection agency representing a municipal court for legal action | **Written Instrument** – Money owed based upon a written instrument such as a promissory note, contract, etc. |
| **NSF Check** – Check written with non-sufficient funds in the bank. | **Other** – Only used when all other cause codes do not apply. |

Electronically Filed

JB̶H̶D̶E̶Q̶I̶ Á̶ K̶H̶E̶C̶Á̶E̶T̶

G̶I̶ Ô̶Q̶X̶F̶F̶H̶I̶ G̶F̶S̶Ô̶Ý̶

King County District Court

# KING COUNTY DISTRICT COURT, SOUTH DIVISION
## IN AND FOR THE STATE OF WASHINGTON

| | |
|---|---|
| JPMorgan Chase Bank, N.A.,<br>Plaintiff,<br>vs.<br>CLARENCE E JOHNSON, III,<br><br>Defendant. | Case No.:<br><br>**NOTICE TO SERVICE MEMBERS<br>AND THEIR DEPENDENTS** |

**NOTICE**: State and federal law provide protections to defendants who are in the military service, and to their dependents. Dependents of a service member are the service member's spouse, the service member's minor child, or an individual for whom the service member provided more than one-half of the individual's support for one hundred eighty days immediately preceding an application for relief.

One protection provided is the protection against the entry of a default judgment in certain circumstances. This notice pertains only to a defendant who is a dependent of a member of the national guard or a military reserve component under a call to active service, or a national guard member under a call to service authorized by the governor of the state of Washington, for a period of more than thirty consecutive days. Other defendants in military service also have protections against default judgments not covered by this notice. If you are the dependent of a member of the national guard or a military reserve component under a call to active service, or a national guard member under a call to service authorized by the governor of the state of Washington, for a period of more than thirty consecutive days, you should notify the plaintiff or the plaintiff's attorneys in writing of your status as such within twenty days of the receipt of this notice. If you fail to do so, then a court or an administrative tribunal may presume that you are not a dependent of an active duty member of the national guard or reserves, or a national guard member under a call to service authorized by the governor of the state of

MANDARICH LAW GROUP, LLP
P.O. Box 109032, Chicago, IL 60610
T: 866.757.4738: F: 818.888.1260

Washington, and proceed with the entry of an order of default and/or a default judgment without further proof of your status. Your response to the plaintiff or plaintiff's attorneys about your status does not constitute an appearance for jurisdictional purposes in any pending litigation nor a waiver of your rights.

DATED:  08/01/2025

[ X ] Brendan Wilson, WSBA# 47420
Attorney for Plaintiff

**NOTICE TO SERVICE MEMBERS
AND THEIR DEPENDENTS**
5305599

Page 2 of 2

**MANDARICH LAW GROUP, LLP**
P.O. Box 109032, Chicago, IL 60610
T: 866.757.4738: F: 818.888.1260

# Appendix B

1
2
3
4
5
6
7

IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR KING COUNTY

8

CLARENCE JOHNSON,

9                          Plaintiff,

NO.

10

SUMMONS

vs.

11

MANDARICH LAW GROUP, LLP,

12                          Defendant.

13

14

**TO THE DEFENDANT:** MANDARICH LAW GROUP, LLP,

15

A lawsuit has been started against you in the above-entitled court by the Plaintiff. This claim

16

is stated in the written Complaint, a copy of which is served upon you with this Summons.

17

In order to defend against this lawsuit, you must respond to the Complaint by stating your

18

defense in writing, and by serving a copy upon the person signing this Summons within twenty (20)

19

days (in state) or sixty (60) days (out of state) after the service of this Summons, excluding the day of

20

service, or a default judgment may be entered against you without notice. A default judgment is one

21

where a plaintiff is entitled to what has been asked for because you have not responded. If you serve

22

a notice of appearance on the undersigned person, you are entitled to a notice before a default

23

judgment may be entered.

SUMMONS - 1

1     If you wish to seek the advice of an attorney on this matter, you should do so promptly so that

2     your written response, if any, may be served on time.

3     **THIS SUMMONS** is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

4     State of Washington.

5

6     Respectfully submitted this 29th day of September, 2025.

7

8                                           ANDERSON SANTIAGO, PLLC

9                                           By: _____
                                            Jason D. Anderson, WSBA No. 38014
10                                          T. Tyler Santiago, WSBA No. 46004
                                            Attorneys for Plaintiff
11                                          207B Sunset Blvd. N.
                                            Renton, WA 98057
12                                          (206) 395-2665
                                            (206) 395-2719 (fax)

13

14

15

16

17

18

19

20

21

22

23

SUMMONS - 2

1

**CERTIFICATE OF SERVICE**

2        I hereby declare under penalty of perjury under the laws of the United States of

3    America that on this date, I caused a true and correct copy of the foregoing document to be

4    served on the following in the manner(s) indicated:

5            Jason D. Anderson, WSBA #38014       ☐ Via E-Filing
        T. Tyler Santiago, WSBA #46004        ☐ Via Legal Messenger

6            ANDERSON SANTIAGO, PLLC          ☒ Via Email
        207B Sunset Blvd. N.

7            Renton, WA 98057               ☒ Via U.S. Mail
        Telephone: (206) 395-2665        ☐ Via Fax

8            Fax: (206) 395-2719

9            Email: jason@alkc.net
        Email: tyler@alkc.net

10

11           *Attorneys for Plaintiff*

12

13       DATED this 30th day of October, 2025 at Seattle, Washington.

14

15

16   _____

17       Xiaoshi Zhang

18

19

20

21

22

23

24

25

26

27

CERTIFICATE OF SERVICE
Case No.