1

2

3

4

5

6

7

8

9

10

11

12

13

The Honorable Michelle L. Peterson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

Clarence Johnson,

          Plaintiff,

    v.

Mandarich Law Group LLP,

          Defendant.

Civil Action No. 2:25-cv-02142-MLP

**MANDARICH LAW GROUP LLP'S
ANSWER TO COMPLAINT**

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant Mandarich Law Group LLP responds to the allegations by Plaintiff Clarence Johnson in his Complaint as follows, in paragraphs numbered to correspond with those of the Complaint. All allegations not expressly admitted are denied.

## I.    PARTIES AND JURISDICTION

1.    Admit, on information and belief, that Clarence Johnson ("Johnson") is a resident of Washington.

2.    Admit that (a) Mandarich Law Group LLP ("MLG") is a California limited liability partnership; (b) MLG is licensed as a collection agency in Washington in accordance with RCW 19.16.100(4); (c) MLG, previously filed an action against Johnson in King County District Court regarding an unpaid loan balance; and (d) MLG's registered agent in Washington is National Registered Agents, Inc. in Olympia, Washington. Except as expressly admitted, any remaining allegations of Paragraph 2 are denied.

**FENNEMORE CRAIG, P.C.**
999 Third Avenue, Suite 600
Seattle, Washington 98104
(206) 749-0500

1    3.    Defendants admit that jurisdiction and venue are appropriate in the United States

2    District Court, Western District of Washington. Except as expressly admitted, any remaining

3    allegations of Paragraph 3 are denied.

4                                    II.    FACTS

5    4.    MLG lacks knowledge sufficient to respond to the allegations of Paragraph 4 and,

6    therefore, denies them.

7    5.    Admit that (a) Johnson was served with a copy of the Summons and Complaint in

8    the King District Court Action on or about September 24, 2025; and (b) Exhibit A to Plaintiff's

9    Complaint consists of copies of a Summons, Complaint, Case Information Cover Sheet, and

10   Notice to Servicemembers and Their Dependents, which bear stamps indicating that these

11   documents were filed in King County District Court.  Except as expressly admitted, any

12   remaining allegations of Paragraph 5 are denied.

13   6.    MLG lacks knowledge sufficient to respond to the allegations of Paragraph 6 and,

14   therefore, denies them.

15   7.    Paragraph 7 of the Complaint states legal conclusions to which no response is

16   required.  To the extent a response is required, admit that the text of RCW 19.16.250(28) is as set

17   forth therein. Except as expressly admitted, any remaining allegations of Paragraph 7 are denied.

18   8.    Denied.

19   9.    MLG lacks knowledge sufficient to respond to the allegations of Paragraph 9 and,

20   therefore, denies them.

21   10.    Denied.

22   11.    Denied.

23   12.    Denied.

24   13.    Paragraph 13 of the Complaint states legal conclusions to which no response is

25   required.  To the extent a response is required, admit that the text of RCW 19.16.250(8) and (9)

26   is as set forth therein. Except as expressly admitted, any remaining allegations of Paragraph 13

27   are denied.

FENNEMORE CRAIG, P.C.
999 Third Avenue, Suite 600
Seattle, Washington 98104
(206) 749-0500

14.    Denied.

15.    Admit that (a) the date of Plaintiff's last payment is not stated in the Summons or Complaint served in the King County District Court Action, and (b) MLG previously sent a letter to Plaintiff dated June 19, 2025 regarding Plaintiff's debt obligation on his JPMorgan Chase Bank, N.A. credit card account ending in 7658 (the "Account"), which letter stated the date of last payment.

16.    Paragraph 16 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, admit that the text of RCW 19.16.250 and Chapter 19.16 *et seq.* are as set forth therein.  Except as expressly admitted, any remaining allegations of Paragraph 16 are denied.

17.    MLG lacks knowledge sufficient to respond to the allegations of Paragraph 17 and, therefore, denies them.

18.    Paragraph 18 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, admit that the text of RCW 19.16.250 is as set forth therein.  Except as expressly admitted, any remaining allegations of Paragraph 18 are denied.

19.    MLG lacks knowledge sufficient to respond to the allegations of Paragraph 19 and, therefore, denies them.

### III.    CAUSES OF ACTION

### GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

20.    Paragraph 20 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, admit that with respect to the unpaid loan balance at issue in the King County District Court Action, MLG is a "collection agency" as that term is defined by RCW 19.16.100(4).  Further admit that with respect to the unpaid loan balance at issue in the King County District Court Action, Johnson is a "debtor" as that term is defined by RCW 19.16.100(8).  Except as expressly admitted, any remaining allegations of Paragraph 20 are denied.

DEFT MANDARICH'S ANSWER TO COMPLAINT - 3
Case No. 2:25-cv-02142-MLP

FENNEMORE CRAIG, P.C.
999 Third Avenue, Suite 600
Seattle, Washington 98104
(206) 749-0500

21.     Paragraph 21 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, MLG denies the applicability or any violation of the Fair Debt Collection Practices Act ("FDCPA"), the Consumer Protection Act ("CPA"), or any other law with respect to Plaintiff. Except as expressly admitted, any remaining allegations of Paragraph 21 are denied.

22.     Denied.

23.     Paragraph 23 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, admit that the text of *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27 (2009) is as set forth therein.  Except as expressly admitted, the allegations of Paragraph 23 are denied.

24.     Paragraph 24 is a statement of relief that Plaintiff seeks and does not require a response.  To the extent a response is required, MLG denies that Plaintiff is entitled to the requested relief or any relief.

## COUNT 1

25.     Paragraph 25 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, admit that the text of RCW 19.16.250(28) is as set forth therein.  Except as expressly admitted, any remaining allegations of Paragraph 25 are denied.

26.     Denied.

27.     Denied.

28.     Denied.

## COUNT 2

29.     Paragraph 29 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, admit that the text of RCW 19.16.250(9) is as set forth therein.  Except as expressly admitted, any remaining allegations of Paragraph 29 are denied.

30.     Denied.

FENNEMORE CRAIG, P.C.
999 Third Avenue, Suite 600
Seattle, Washington 98104
(206) 749-0500

31.     Denied.

## PENALTIES

32.     Paragraph 32 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, MLG denies the applicability or any violation of the Fair Debt Collection Practices Act ("FDCPA"), the Consumer Protection Act ("CPA"), or any other law with respect to Plaintiff. Except as expressly admitted, any remaining allegations of Paragraph 32 are denied.

33.     MLG lacks knowledge sufficient to respond to the allegations of Paragraph 33 regarding Plaintiff's purported state of mind and, therefore, denies them.  MLG likewise denies the applicability or any violation of the Fair Debt Collection Practices Act ("FDCPA"), the Consumer Protection Act ("CPA"), or any other law with respect to Plaintiff.

34.     Paragraph 34 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, admit that the text of RCW 19.96.020, RCW 19.86.140, and RCW 19.16.440 is as set forth therein.  Except as expressly admitted, any remaining allegations of Paragraph 34 are denied.

35.     Paragraph 35 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, admit that the text of RCW 19.86.140 is as set forth therein.  Except as expressly admitted, any remaining allegations of Paragraph 35 are denied.

36.     Paragraph 36 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, admit that the text of *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27 (2009) is as set forth therein.  Except as expressly admitted, the allegations of Paragraph 36 are denied.

37.     Paragraph 37 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, admit that the text of RCW 19.86.140 is as set forth therein.  Except as expressly admitted, any remaining allegations of Paragraph 37 are denied.

FENNEMORE CRAIG, P.C.
999 Third Avenue, Suite 600
Seattle, Washington 98104
(206) 749-0500

1    38.    Paragraph 38 of the Complaint states legal conclusions to which no response is

2    required.  To the extent a response is required, admit that the text of RCW 19.86.140 is as set

3    forth therein.  Except as expressly admitted, any remaining allegations of Paragraph 38 are

4    denied.

5    39.    Paragraph 39 of the Complaint states legal conclusions to which no response is

6    required.  To the extent a response is required, admit that the text of RCW 19.86.140 is as set

7    forth therein and MLG lacks knowledge sufficient to respond to the allegations of Paragraph 39,

8    which concern Plaintiff's purported belief or intent, and, therefore, deny them.  Except as

9    expressly admitted, any remaining allegations of Paragraph 39 are denied.

10    40.    Paragraph 40 of the Complaint states legal conclusions to which no response is

11    required.  To the extent a response is required, MLG lacks knowledge sufficient to respond to the

12    allegations of Paragraph 40, which concern Plaintiff's purported generalized observations

13    regarding the "statutory and jurisprudential backdrop of all Consumer Protection Act statutes,"

14    and, therefore, deny them.

15    41.    Paragraph 41 is a statement of relief that Plaintiff seeks and does not require a

16    response.  To the extent a response is required, MLG denies that Plaintiff is entitled to the

17    requested relief or any relief.

18                                    **REQUEST FOR INJUNCTIVE RELIEF**

19    42.    Paragraph 42 of the Complaint states legal conclusions to which no response is

20    required.  To the extent a response is required, admit that the text of RCW 19.86.090 is as set

21    forth therein.  Except as expressly admitted, any remaining allegations of Paragraph 42 are

22    denied.

23    43.    Paragraph 43 is a statement of relief that Plaintiff seeks and does not require a

24    response.  To the extent a response is required, MLG denies that Plaintiff is entitled to the

25    requested relief or any relief.  Admit that the text of *Scott v. Cingular* Wireless, 160 Wn.2d 843,

26    853 (2007) is as set forth therein.  Except as expressly admitted, the allegations of Paragraph 43

27    are denied.

DEFT MANDARICH'S ANSWER TO COMPLAINT - 6
Case No. 2:25-cv-02142-MLP

44.    Paragraph 44 is a statement of relief that Plaintiff seeks and does not require a response.  To the extent a response is required, MLG denies that Plaintiff is entitled to the requested relief or any relief.

45.    Paragraph 45 is a statement of relief that Plaintiff seeks and does not require a response.  To the extent a response is required, MLG denies that Plaintiff is entitled to the requested relief or any relief.

46.    MLG lacks knowledge sufficient to respond to the allegations of Paragraph 46, which concern Plaintiff's purported belief, and, therefore, deny them.

47.    MLG lacks knowledge sufficient to respond to the allegations of Paragraph 47 regarding Plaintiff's purported belief.  To the extent, Plaintiff's purported belief comprises factual allegations against MLG, denied.

## IV.    PLAINTIFF'S PRAYER FOR RELIEF

MLG denies that Plaintiff is entitled to any of the relief he requests, including without limitation: (a) damages, however characterized; (b) injunctive relief; (c) attorney's fees and costs; or (d) any other form of relief.

## V.    ADDITIONAL DEFENSES

By way of further defenses and/or affirmative defenses, MLG alleges:

1.    One or more of Plaintiff's causes of action fails to state a claim upon which relief can be granted.

2.    Plaintiff has not suffered any compensable injury or damages and thus lacks standing.

3.    If Plaintiff has been damaged, which is denied, such damages were, on information and belief, caused in whole or in part by the acts or omissions, including superseding or intervening acts or conduct, of other persons or entities over whom MLG exercises no control and for whose conduct it is not responsible.

4.    Pursuant to 15 U.S.C. § 1692k(c), MLG has no liability for any alleged violation of the FDCPA.

FENNEMORE CRAIG, P.C.
999 Third Avenue, Suite 600
Seattle, Washington 98104
(206) 749-0500

1    5.    MLG reserves all affirmative defenses under CR 8(c), and any other defenses, at

2    law or in equity, that may now exist or in the future be available based on discovery and further

3    factual investigation in this case.

4                            **VI.    RELIEF REQUESTED**

5        WHEREFORE, MLG respectfully requests the following relief:

6        A.    That the Complaint and all of Plaintiff's claims be dismissed with prejudice;

7        B.    That Plaintiff's request for injunctive relief be denied;

8        C.    That Plaintiff's claim for fees and costs be denied;

9        D.    That MLG be awarded its attorney's fees and costs to the maximum extent

10   permitted by law, pursuant to 15 U.S.C. § 1692k(a)(3) or otherwise; and

11       E.    For any other relief such as the Court deems just and proper.

12       DATED:  March 9, 2026

13                                      **FENNEMORE CRAIG, P.C.**

14                                  By:  */s/ Stephen C. Willey*

15                                  By:  */s/ Brian C. Nadler*
                                         Stephen C. Willey, WSBA No. 24499
16                                       Brian C. Nadler, WSBA No. 51199
                                         999 Third Avenue, Suite 600
17                                       Seattle, Washington 98104
                                         Telephone: (206) 749-0500
18                                       Facsimile: (206) 749-0600
19                                       swilley@fennemorelaw.com
                                         bnadler@fennemorelaw.com
20
                                         *Attorneys for Mandarich Law Group LLP*
21

22

23

24

25

26

27

DEFT MANDARICH'S ANSWER TO COMPLAINT - 8
Case No. 2:25-cv-02142-MLP

1

## CERTIFICATE OF SERVICE

2       I hereby certify that on this 9th day of March, 2026, I electronically filed the

3  foregoing document with the Clerk of the Court using the CM/ECF system, which in turn

4  automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are

5  registered users of the CM/ECF system.  The NEF for the foregoing specifically identifies

6  recipients of electronic notice.

7       I also certify the document and a copy of the Notice of Electronic Filing was served via

8  electronic service on the following non-CM/ECF participants:

9

10

11  _____

12  Amanda Saeteurn

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27