UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

CLARENCE JOHNSON,

                Plaintiff,

    vs.

MANDARICH LAW GROUP, LLP,

                Defendant.

NO. 2:25-cv-02142-MLP

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

NOTE ON MOTION CALENDAR:

July 14, 2026

## I.    **INTRODUCTION**

This is a narrow motion on a straightforward issue of law. Defendant a licensed collection agency Mandarich Law Group, LLP ("MLG") attempted to collect a debt from Plaintiff Clarence Johnson by serving him with a summons and complaint which did not contain the case number assigned by the court. This is expressly prohibited by RCW 19.16.250(28). This also constitutes a violation of federal law (15 U.S.C. § 1692e and § 1692f). Thus, MLG violated the Washington Collection Agency Act – enforced via the Consumer Protection Act – as well as the Fair Debt Collection Practices Act.

//

There is little else to be said.  As these are strict-liability statutes, MLG can say little of consequence relevant to this motion.  MLG may offer excuses or point the finger at others, but Plaintiff again underscores this is a straightforward issue of applying the law to a factual occurrence which is not in any meaningful dispute.  Plaintiff respectfully requests this Court enter summary judgment in his favor on the issue of liability.

## II.   FACTS

### A.  The Parties

Plaintiff Clarence Johnson is a retired police officer who works in the private security industry.  Declaration of Clarence Johnson (*Johnson Decl.*) at ¶¶ 2-4.  Mr. Johnson is a veteran of the United States Army (having been deployed (twice) to Kosovo in the 1990s, to Afghanistan in 2003, as well as to the Pentagon in the wake of 9/11).  *Id.*

Defendant Mandarich Law Group, LLP ("MLG") is a California-based collection law firm and licensed collection agency in Washington.  *See*, *e.g.*, *Weinstein v. Mandarich Law Grp., LLP*, 2019 WL 290578 (W.D. Wash. Jan. 23, 2019), *aff'd* (in pertinent part), 798 Fed. Appx. 88 (9th Cir. 2019).  MLG has been "has been admonished by Washington state courts" on several occasions for failing to follow Washington law and procedure in its collection lawsuits.  *Id.* at 91, n. 3.

### B.  Clarence Johnson is Served With an Ostensible Collection Lawsuit by MLG

Late one evening in September 2025, Mr. Johnson opened the door to a process server and was handed a stack of documents bearing MLG's name.  *Johnson Decl.* at ¶ 5.  The documents were ostensibly a summons and complaint for a King County District Court collection lawsuit, but instead of any case number, the documents instead bore a series of unintelligible symbols.  *Id.* at

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 2
2:25-cv-02142-MLP

ANDERSON | SANTIAGO
207B SUNSET BLVD. N
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

Ex. A.[1]  [Relevant here is the legal requirement that collection agencies like MLG may not "[s]erve a debtor with a summons and complaint unless the summons and complaint have been filed with the court and bear the case number assigned by the court."  RCW 19.16.250(28).[2]]

Mr. Johnson would be the first to admit a lack of knowledge of the civil legal process, but in his time as a police officer, his understanding was that legitimate court documents bore actual case numbers.  *Id*. at ¶ 6.  While, in 2026, the public is generally aware of scams and advised to act with caution, such caution is something particularly on Mr. Johnson's mind given his profession (the private security industry).  *Id*. at ¶ 7.  The credibility of MLG's documents was not helped by the lack of any street address other than an out-of-state post office box.  *Id*. at ¶ 8, Ex A.

In short, Mr. Johnson was confused and uncertain about how he should proceed.  *Id*. at ¶ 9.  After all, he reasoned, if this were a sophisticated scam, he would have little reason to contact the parties named on the documents he received (such as MLG), since that would be the entire purpose (of the potential scam).  *Id*. at ¶ 8.  The situation did not lend itself to an obvious answer for Mr. Johnson, a non-lawyer with no experience in civil matters.

Eventually, Plaintiff Clarence Johnson acted out of an abundance of caution and contacted counsel.  In so doing, he incurred expenses.  *Johnson Decl*. at ¶ 10.  As it turns out, the documents Mr. Johnson received were in fact related to a King County District Court proceeding in which MLG sought to collect a consumer credit card balance.

### C.  This Case is Commenced; MLG Denies Everything

Plaintiff brought this case in King County Superior Court, after which point MLG removed

---

[1] For brevity, Plaintiff attached the relevant cover pages, though the complete documents are attached to the Complaint.  Dkt. #1-2.

[2] *See* legislative findings, 2019 c 201(1)(d), to RCW 19.16.250 ("In the debt collection context, many unrepresented defendants reasonably conclude that the unnumbered summons and complaint are not valid").

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 3
2:25-cv-02142-MLP

ANDERSON | SANTIAGO
207B SUNSET BLVD. N
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

to this Court.  Dkt. #1.  MLG denies any legal responsibility for anything.  *See generally* Dkt. #12 (Answer).

The only fact of consequence on summary judgment is that Plaintiff Clarence Johnson was served a summons and complaint which lacked a case number, an action prohibited by RCW 19.16.250(28).  There can be no dispute *that* this event happened.  Whatever MLG has to say about *how* the event happened is irrelevant; as discussed below, the applicable statutes are strict-liability in nature.

Plaintiff also realizes this is probably not the largest or most legally-significant case on this Court's docket.  MLG will likely minimize the importance of its compliance with Washington law or otherwise trivialize the matter.  Regardless of the perceived magnitude of Mr. Johnson's case, it remains that he was served documentation under circumstances which would concern anyone (the lack of case numbers), an action which the Washington legislature specifically forbade collection agencies from taking in light of the obvious ensuing confusion.  MLG, a licensed collection agency, is accountable under state and federal law.

### III.   LAW AND ARGUMENT

#### A.  Summary Judgment Standard

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the initial burden is met, the opposing party must then set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 250 (1986).

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 4
2:25-cv-02142-MLP

**ANDERSON | SANTIAGO**
207B SUNSET BLVD. N
RENTON, WA 98057
(206) 395-2665 / F (206) 395-2719

**B. <u>The Interrelation of the Washington Consumer Protection Act and Fair Debt Collection Practices Act</u>**

At issue in this case is MLG's violation of a Washington Collection Agency Act ("WCAA") provision.  While perhaps this ultimately becomes academic minutiae, Plaintiff feels some orienting clarification is useful.  In short, MLG's service of a debt collection lawsuit without any case number is likely inherently "unfair" (thus violating the CPA and FDCPA), but the fact that this action is expressly prohibited by the WCAA also serves as an independent violation of the CPA and FDCPA.  Ultimately, while the analysis may differ slightly, the end result is functionally the same, as all applicable statutes provide essentially the same remedies under any analysis.

As described in more detail below, a violation of the WCAA is enforced through the Consumer Protection Act ("CPA").  MLG's violation of state law can simultaneously violate the FDCPA (15 U.S.C. § 1692f) as an unfair or unconscionable means to attempt to collect a debt. *Weinstein*, 798 Fed. Appx. at 91 (obtaining a default in violation of court rules violates the FDCPA).  In short, it is an unfair debt collection practice to serve an alleged debtor with a lawsuit which does not bear a case number; it *also* happens to be the case that Washington law specifically prohibits this.

Conversely, an FDCPA violation constitutes a CPA violation (without any reference to the WCAA).  The Washington Supreme Court has held that a violation of debt collection statutes, including the FDCPA, serves as a predicate for a per se Consumer Protection Act Violation as a matter of law.  *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 53 (2009); *Hoffman v. Transworld Sys., Inc.*, 806 F.App'x 549 (9th Cir. 2020).

In conclusion, Plaintiff is not seeking to "daisy-chain" various statutes into something

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 5
2:25-cv-02142-MLP

**ANDERSON | SANTIAGO**
207B SUNSET BLVD. N
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

greater; rather, the interplay between state and federal statutes in these matters can simply overlap. In general, a violation of one either suggests or constitutes a violation of the other.

C. **Legal Standard: The FDCPA Imposes Strict Liability on Debt Collectors, and Whether a Communication is False or Misleading is Governed by an Objective Standard.**

Defendant MLG served Mr. Johnson with a lawsuit which bore no case number; this is prohibited by Washington law and is inherently misleading in a debt collection context. The relevant inquiry is an objective one and does not inquire whether any particular individual was misled or confused.

1. The FDCPA is a strict-liability statute construed liberally in favor of debtors.

The Fair Debt Collection Practices Act was enacted to protect consumers from improper or abusive debt collection efforts. 15 U.S.C. § 1692. The FDCPA is a strict-liability statute which "makes debt collectors liable for violations that are not knowing or intentional." *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1005 (9th Cir. 2008); *see also McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011). "A single violation of any provision of the Act is sufficient to establish civil liability under the FDCPA." *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1238 (5th Cir. 1997).

The FDCPA is a remedial statute construed liberally in favor of the consumer. *Tourgeman v. Collins Fin. Servs, Inc.*, 755 F.3d 1109, 1118 (9th Cir. 2014); *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1176 (9th Cir. 2006) ("we wish to reinforce that the broad remedial purpose of the FDCPA is concerned primarily with the likely effect of various collection practices on the minds of unsophisticated debtors.").

2. The "least sophisticated consumer" standard applies to Plaintiff's FDCPA claims.

The FDCPA's "statutory text itself is aimed squarely at the debt collector's conduct, rather

**ANDERSON | SANTIAGO**
207B SUNSET BLVD. N
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

than at its effect on the consumer." *Tourgeman*, 755 F.3d at 1117. In determining whether a § 1692e (false or misleading representations) or § 1692f (unfair practices) violation has occurred, courts apply the "least sophisticated consumer" standard. *Wade v. Regional Credit Ass'n.*, 87 F.3d 1098, 1100 (9th Cir. 1996). "The least sophisticated debtor standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (citation and internal quotation marks omitted).[3] The inquiry is therefore objective; it is not relevant whether a particular person was actually misled.

The least sophisticated consumer standard "protects all consumers, the gullible as well as the shrewd...the ignorant, the unthinking, and the credulous." *Clark*, 460 F.3d at 1171 (citation and quotation omitted). "Whether conduct violates §§ 1692e or 1692f requires an objective analysis that takes into account whether the least sophisticated debtor would likely be misled by a communication." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010). Whether a violation of §§ 1692e or 1692f has occurred is a question of law. *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1997).

### D. Defendant is Subject to the FDCPA

It is not a matter for meaningful dispute that MLG is a "debt collector" under 15 U.S.C. §1692a(6) and a "collection agency" under RCW 19.16.100(4). This has been judicially determined (*see Weinstein v. Mandarich Law Grp., LLP*, 2018 WL 6199249 (W.D. Wash. Nov. 28, 2018), *aff'd*, 798 Fed. Appx. 88 (9th Cir. 2019)) and MLG admits it holds a Washington collection agency license to collect debts (Dkt. #12 (Answer) at ¶¶ 2, 20). Similarly, there can be

---

[3] *See also Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 774 (7th Cir. 2007) (The "least sophisticated consumer" standard is from the perspective "of the average consumer in the lowest quartile (or some other substantial bottom fraction) of consumer competence.")

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 7
2:25-cv-02142-MLP

ANDERSON | SANTIAGO
207B SUNSET BLVD. N
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

no dispute that Plaintiff is a "consumer" under 15 U.S.C. § 1692a(3) and "debtor" as defined by RCW 19.16.100(8), as the alleged debt MLG sought to collect was a consumer credit card balance. *Johnson Decl*. at Ex. A.

**E. Defendant Violated the FDCPA**

Section 1692e, generally, prohibits the use by a debt collector of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010). A misstatement need not be knowing or intentional to support liability. *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1176 (9th Cir. 2006).

Numerous decisions in this District demonstrate that using false or misleading representations, or unfair conduct, violates the FDCPA and WCAA. Among many, many other cases, *see*, *e.g.*, *Frias v. Patenaude & Felix APC*, 2022 WL 136816 at *7 (W.D. Wash. Jan. 14, 2022) (attempting to collect from the wrong person violates the FDCPA and WCAA/CPA); *Schore v. Renton Collections, Inc.*, 2018 WL 2018417 (W.D. Wash. May 1, 2018) (collection efforts on a debt not owed violated the FDCPA/WCAA); *Dawson v. Genesis Credit Mgmt., LLC*, 2017 WL 5668073 (W.D. Wash. Nov. 27, 2017) (attempts to collect amounts not owed violated the FDCPA/WCAA).

As a matter of strict liability, MLG's service of a summons and complaint without a case number violates the law.

1. Defendant violated 15 U.S.C. § 1692e

In addition to the foregoing citations, a debt collector violates 15 U.S.C. § 1692e(10) if it "use[s] … any false representation or deceptive means to collect or attempt to collect any debt." *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1104 (9th Cir. 2012).

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 8
2:25-cv-02142-MLP

ANDERSON | SANTIAGO
207B SUNSET BLVD. N
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

MLG's service of a collection lawsuit bearing no case number is deceptive, particularly in light of the WCAA's specific prohibition on this activity (and further in light of the legislature's findings with respect to RCW 19.16.250(28)).  This action could also be viewed as a false representation (in that the documents purported to be a lawful summons and complaint), but Plaintiff need not delve into this line of reasoning to establish a violation of law.

MLG's activity constitutes a violation of the FDCPA.

### 2.  Defendant violated 15 U.S.C. § 1692f and § 1692f(1)

Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." *Donohue*, 592 F.3d at 1030.  In *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 949 (9th Cir. 2011), the court upheld entry of summary judgment in favor of the consumer on a § 1692f(1) claim, where the debt collector requested attorney's fees in a state court lawsuit despite having no basis (contract/statute/etc.) for such a fee award. *Id*.

For the same reasons that MLG violated 15 U.S.C. § 1692e, it violated 1692f; it is an "unfair or unconscionable means" to collect money by serving a lawsuit in contravention of state law and which necessitates worry and confusion by the recipient.

### F.  **Defendant Violated the WCAA (as Enforced Through the CPA)**

The Washington Collection Agency Act ("WCAA") is enforced through the Washington Consumer Protection Act.  Under *Hangman Ridge Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784 (1986), a CPA plaintiff must establish five elements: (1) an unfair or deceptive practice, (2) occurring in trade or commerce, (3) which affects the public interest, (4) an injury to the plaintiff's business or property, (5) that the injury was caused by the unfair or deceptive practice. A WCAA violation is a "per se" violation of the CPA, and satisfies the first two elements (unfair

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 9
2:25-cv-02142-MLP

**ANDERSON | SANTIAGO**
207B SUNSET BLVD. N
RENTON, WA 98057
(206) 395-2665 / F (206) 395-2719

or deceptive practice and occurring in trade or commerce). *Panag v. Farmers Ins. Co. of Washington*, 166 Wn.2d 27, 53 (2009). As a matter of law, a violation of the WCAA has been determined to satisfy the <u>third element</u>, "public interest impact," as well. *Id.* at 54 (With respect to the WCAA and CPA, "the business of debt collection affects the public interest…"). All that remains is whether there was "injury," as that term of art is used by Washington jurisprudence, and whether it was caused by Defendant's actions.

The CPA addresses "injuries" rather than "damages"; quantifiable monetary loss is not required. *Panag*, 166 Wn.2d 58. Simply consulting an attorney is sufficient to show injury. *Frias v. Asset Foreclosure Servs., Inc.*, 181 Wn.2d 412 (2014) (*citing Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 62 (2009)); *see Howard v. Patenaude & Felix APC*, 634 F. Supp. 3d 990, 1014 (W.D. Wash. 2022) (citing cases). In other words, to borrow from a contractual idiom, "a mere peppercorn will suffice."

The remaining elements – injury and causation – are plainly met as well. As stated above, "injury" can be fleeting or minimal for a CPA violation. Plaintiff had to spend money in meeting with an attorney to determine his legal rights and responsibilities. *Johnson Decl.* at ¶ 10. The extent or amount is not pertinent to this motion, which seeks summary judgment as to liability alone.

RCW 19.16.250(28) states that a collection agency may not "[s]erve a debtor with a summons and complaint unless the summons and complaint have been filed with the court and bear the case number assigned by the court." MLG did exactly that. This is a textbook violation of the WCAA (and thus CPA).

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 10
2:25-cv-02142-MLP

**ANDERSON | SANTIAGO**
207B SUNSET BLVD. N
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

Lastly, Plaintiff notes that a violation of the WCAA also provides that – for any legitimate debts – only the principal may be collected, and not any interest, attorney's fees, or "any other fees or charges otherwise legally chargeable to the debtor."  RCW 19.16.450.

### G. Plaintiff Does Not Seek Summary Judgment on Damages

Plaintiff will seek recovery of his actual damages at trial and a determination of his attorney's fees and costs at the conclusion of this case.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this motion for partial summary judgment be granted.

I certify that this memorandum contains 2,926 words, in compliance with the Local Civil Rules.

Dated this 16th day of June, 2026.

**ANDERSON SANTIAGO, PLLC**

By: /s/ Jason D. Anderson
Jason D. Anderson, WSBA No. 38014
T. Tyler Santiago, WSBA No. 46004
Attorneys for Plaintiff
207B Sunset Blvd. N
Renton, WA 98057
(206) 395-2665
(206) 395-2719 (fax)

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 11
2:25-cv-02142-MLP

**ANDERSON | SANTIAGO**
207B SUNSET BLVD. N
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719