The Honorable Michelle L. Peterson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

CLARENCE JOHNSON,

     Plaintiff,

     v.

MANDARICH LAW GROUP, LLP,

     Defendant.

NO.   2:25-cv-02142-MLP

**DEFENDANT MANDARICH LAW GROUP, LLP'S MOTION FOR SUMMARY JUDGMENT**

NOTE ON MOTION CALENDAR:
July 20, 2026

**FENNEMORE CRAIG, P.C.**
999 Third Avenue, Suite 600
Seattle, Washington  98104
(206) 749-0500

65185801.1

## TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................................................ 1

II.   FACTUAL BACKGROUND .................................................................................... 2

III.  ARGUMENT AND AUTHORITY ........................................................................... 5

     A.    Legal Standard. ............................................................................................... 5

     B.    Mandarich Did Not Violate Any Part of RCW 19.16.250. ............................. 5

          1.    The pre-suit notice letter to Johnson complied with RCW 19.16.250(8). ....................................................................................... 5

          2.    The complaint complied with RCW 19.16.250(9). .............................. 8

          3.    Mandarich did not violate RCW 19.16.250(27) By Virtue of ABC Legal's Independent Error. ...................................................... 8

     C.    Mandarich Did Not Violate the FDCPA. ...................................................... 10

IV.   CONCLUSION ........................................................................................................ 13

MANDARICH LAW GROUP, LLP'S
MOTION FOR SUMMARY JUDGMENT
No. 2:25-cv-02142-MLP

**FENNEMORE CRAIG, P.C.**
999 Third Avenue, Suite 600
Seattle, Washington  98104
(206) 749-0500

## I.    INTRODUCTION

Plaintiff Clarence Johnson ("Johnson") asserts claims in this action based on two alleged fac circumstances:

- Johnson alleges that a Summons and Complaint served on him in a debt-collection lawsuit was the first communication with him by a licensee collection agency regarding his debt and did not include the information required by RCW 19.16.250(9).

- Johnson further alleges that the Summons and Complaint that were served on him did not bear a case number as required by RCW 19.16.250(21).

Based on these alleged facts, Johnson asserts claims for violations of the Collection Agency Act and he seeks relief thereunder pursuant to the Consumer Protection Act and the Federal Debt Collection Practices Act. The relevant facts here are straight-forward and they undermine Johnson's asserted claims.

*First*, consistent with its usual practice, Defendant Mandarich Law Group, LLP ("Mandarich") sent Johnson a pre-suit notice letter that provided all the statutorily-required information for purposes of RCW 19.16.250(8), including the original creditor, the last payment on the debt, and Mandarich's name and physical mailing address. As a matter of fact, and law, there can be no violation of RCW 19.16.250(9). Regardless, the subsequent Complaint served on Johnson separately complied with RCW 19.16.250(9).

*Second*, Mandarich followed its established practice to comply with Washington's statutory filing requirement by directing ABC Legal, a reputable national company that provides legal document services, to e-file the Summons and Complaint and then serve Johnson. And ABC Legal did so; it filed the Summons and Complaint in accordance with Mandarich's instructions and returned conformed copies to Mandarich. Johnson alleges that the Summons and Complaint as served did not bear a case number. If so, however, then it appears that when ABC Legal prepared service copies of the conformed Summons and Complaint, the case number as printed was blurred. But this does not establish a violation by Mandarich. Additionally, it

MANDARICH LAW GROUP, LLP'S
MOTION FOR SUMMARY JUDGMENT -1
No. 2:25-cv-02142-MLP

**FENNEMORE CRAIG, P.C.**
999 Third Avenue, Suite 600
Seattle, Washington  98104
(206) 749-0500

would constitute a paradigmatic bona fide error under 15 U.S.C. §1692k(c).

Mandarich respectfully requests that its Motion for Summary Judgment be granted.

## II.    FACTUAL BACKGROUND

Mandarich represents creditors in collection-related actions in multiple states across the country.  Debt collection is a highly-regulated environment, with operative federal statutes (*e.g.*, the Fair Debt Collection Practices Act, 15 U.S. C, §§ 1692–1692p) and a host of related state-level statutes (*e.g.*, the Collection Agency Act, RCW 19.16).  As a result, Mandarich implements a variety of processes and procedures in order to ensure compliance with the many statutory requirements.  *See* Declaration of Chris Mandarich ("Mandarich Decl."), ¶ 2.

In 2025, Mandarich represented JPMorgan Chase Bank, N.A. ("JPMorgan Chase") regarding a defaulted JPMorgan Chase credit-card account ending in 7658 that had been opened by Plaintiff Clarence E. Johnson, III.  *Id.*, ¶ 3.

Mandarich has an established practice to send debtors an initial notice letter that introduces Mandarich and provides the debtor basic information about the debt at issue, including the identity of the original creditor, the credit card account, and the amount of debt.  For this purpose, Mandarich utilizes a template to ensure consistency.  *Id.*, ¶ 4.

In accordance with its usual and established practice, Mandarich mailed Mr. Johnson its form notice letter dated June 19, 2025 (the "Notice Letter").  *Id.*, ¶ 5 and Ex. A.  The Notice Letter to Mr. Johnson—mailed to him at his residential address—includes the following information:

- Identification of Mandarich as a debt collector.
- Contact information for Mandarich, *i.e.*, (a) P.O. Box address; (b) physical address, (c) phone number, (d) fax number, (e) URL for Mandarich's website, and (f) email address.
- Identification of the original creditor, JPMorgan Chase Bank, N.A.
- The amount owing at the time the debt was placed with Mandarich.

MANDARICH LAW GROUP, LLP'S
MOTION FOR SUMMARY JUDGMENT -2
No. 2:25-cv-02142-MLP

- The original credit card account number (redacted but for the last four numbers to protect Mr. Johnson's privacy).

- The last payment to the creditor on the subject debt by the debtor.

*Id.*, ¶ 6 and Ex. A.

The Notice Letter to Mr. Johnson also includes information about how to dispute the debt and a check-the-box form that offers various response options, *i.e.*, dispute debt, request contact information for original creditor, and make payment. *Id.*,¶ 7. Mandarich did not receive any response from Mr. Johnson to the Notice Letter. *Id.,* ¶ 8.

On September 8, 2025, Mandarich, on behalf of JPMorgan Bank, N.A., initiated a lawsuit regarding Mr. Johnson's defaulted credit card account ending in 7658. *See JPMorgan Chase Bank, N.A. v. Clarence E. Johnson, III*, King County District Court, Case No. 125CIV113421KCX (the "District Court Action"). *Id.,* ¶ 9.

Washington has a statutory requirement that debt collection complaints must be filed with the court prior to service. *Id.,* ¶ 10; *see also* RCW 19.16.250(27). Accordingly, Mandarich maintains standard and regularized procedures for filing and serving complaints in Washington. Mandarich Decl., ¶ 11. For this purpose, Mandarich has a long-standing relationship with ABC Legal, a national company that provides legal document services, including e-filing and service of process. *Id.* ABC Legal has a reputation as an experienced and professional business. *Id.* For example, the United States Department of Justice Civil Division identifies ABC Legal as its sole contracted process server for service requests under the Hague Convention. *Id.*[1]

For lawsuits in Washington, Mandarich's established and consistent practice is to send the Summons and Complaint to ABC Legal for e-filing and service. *Id.,* ¶ 12. When Mandarich refers a case for filing and service, Mandarich transmits the summons and complaint to ABC Legal through a secure electronic File Transfer Protocol ("FTP") link. *Id.* And ABC Legal then accomplishes the filing and provides Mandarich with conformed copies of the filed summons

---

[1] *See* OFFICE OF INTERNATIONAL JUDICIAL ASSISTANCE, https://www.justice.gov/civil/office-international-judicial-assistance.

MANDARICH LAW GROUP, LLP'S
MOTION FOR SUMMARY JUDGMENT -3
No. 2:25-cv-02142-MLP

**FENNEMORE CRAIG, P.C.**
999 Third Avenue, Suite 600
Seattle, Washington 98104
(206) 749-0500

and complaint. *Id.*

Consistent with its established practice, Mandarich directed the Summons and Complaint in the District Court Action to be delivered to ABC Legal for filing and service. *Id., ¶* 13. ABC Legal did the filing and service as instructed and returned to Mandarich conformed copes of the filed Summons and Complaint. *Id.* and Ex. B.

The Summons and Complaint in the District Court Action as returned to Mandarich by ABC Legal reflect that they were electronically filed in the King County District Court on September 8, 2025 at 8:30 a.m. and bear the case number 25CIV113421KCX. *Id., ¶* 14 and Ex. B.

The conformed as-filed copies of the Summons and Complaint in the District Court Action that were returned to Mandarich by ABC Legal contained a legible case number *Id. at* Ex. B. If the copies of the conformed as-filed Summons and Complaint that were served on Mr. Johnson by ABC Legal did not bear a legible case number, the defect as alleged by Mr. Johnson occurred *after* the Summons and Complaint had been properly filed by ABC Legal. Mandarich does not have personal knowledge as to what may have happened, but believes that there may have been a printing error when ABC Legal prepared service copies of the filed Summons and Complaint. *Id., ¶* 17.

Mandarich did not instruct ABC Legal, or anyone else, to alter, remove, obscure, or omit the case number from any document served on Mr. Johnson. *Id., ¶* 18. And Mandarich did not authorize anyone to do so. *Id.* Mandarich's consistent intent is to comply with its obligation to serve a summons and complaint that have been filed in court and depict the relevant case number. *Id., ¶* 19. It has an established practice and methodology to work with ABC Legal, an established service provider and process server, to electronically file a summons and complaint for each case and then to serve accurate conformed documents. *Id.* To the extent that did not occur here, it was an unintentional and genuine mistake. *Id*.

MANDARICH LAW GROUP, LLP'S
MOTION FOR SUMMARY JUDGMENT -4
No. 2:25-cv-02142-MLP

**FENNEMORE CRAIG, P.C.**
999 Third Avenue, Suite 600
Seattle, Washington  98104
(206) 749-0500

## III.    ARGUMENT AND AUTHORITY

### A.    Legal Standard.

One of the principal purposes of summary judgment is to "isolate and dispose of" factually unsupported claims.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  Accordingly, Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  477 U.S. at 323.

The moving party "bears the initial burden of demonstrating the absence of a genuine dispute of material fact," *Experience Hendrix, L.L.C. v. HendrixLicensing.com, LTD*, 766 F. Supp. 2d 1122, 1129-30 (W. D. Wash. 2011).  This burden "may be met by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case."  *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000), (*quoting Celotex*, 477 U.S. at 325).  When the moving party has carried forward this burden, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).  The nonmoving party may not rest upon its mere allegations or denials of the adverse party's pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial. *Id.*; *accord* Fed. R. Civ. P. 56(e)(2).

### B.    Mandarich Did Not Violate Any Part of RCW 19.16.250.

#### 1.    The pre-suit notice letter to Johnson complied with RCW 19.16.250(8).

Johnson's claim under RCW 19.16.250(9) fails.  Prior to filing the District Court Action, Mandarich sent Johnson a written notice that provided the information the statute requires.  Mandarich Decl., Ex. A.  Johnson contends that the Summons and Complaint were the first communication he received in the matter (Dkt. 1 at Appendix A at ¶ 13) and asserts

MANDARICH LAW GROUP, LLP'S
MOTION FOR SUMMARY JUDGMENT -5
No. 2:25-cv-02142-MLP

**FENNEMORE CRAIG, P.C.**
999 Third Avenue, Suite 600
Seattle, Washington  98104
(206) 749-0500

that Mandarich violated both RCW 19.16.250(8) and RCW 19.16.250(9). That assertion is incorrect as a matter of law.

RCW 19.16.250(8) applies to a "notice, letter, message, or form, other than through proper legal action, process, or proceedings," that "represents or implies that a claim exists." Such a communication must identify, in clear and legible type, the licensee and its licensed business address; the original creditor, if known; and, if the communication is the first notice or seeks a different amount than the first notice, an itemization of the claim asserted. RCW 19.16.250(8)(a)–(c). For the first notice, the communication also must include the original account number, or a redacted account number, if known, and the date of the debtor's last payment to the creditor, if known. RCW 19.16.250(8)(e).

Mandarich's June 19, 2025 notice letter to Johnson satisfies these requirements. The letter identified Mandarich as the entity attempting to collect the debt and stated Mandarich's business address. (Mandarich Decl. ¶¶ 4-7 and Ex. A.) It identified JPMorgan Chase Bank, N.A. as the original creditor. (*Id.*, ¶ 6 and Ex. A.) It identified the account as the JPMorgan Chase credit-card account ending in 7658. (*Id.*) It stated the total balance claimed due: $10,149.48. (*Id.*) And it provided the required itemization and validation disclosures, including the information necessary for Johnson to understand the creditor, account, and balance being asserted <u>before</u> the District Court Action was filed. (*Id.*)

Nor can Johnson avoid summary judgment by asserting that he did not receive the June 19, 2025 letter. RCW 19.16.250(8) does not impose liability merely because a debtor denies receipt of an otherwise compliant letter; it prohibits a licensee from giving or sending a non-judicial collection communication that represents or implies that a claim exists unless that communication contains the required information. Mandarich's June 19, 2025 notice letter— the non-judicial collection communication here—contained all the required information. And to the extent receipt is material, Mandarich's evidence that the letter was generated and sent to

MANDARICH LAW GROUP, LLP'S
MOTION FOR SUMMARY JUDGMENT -6
No. 2:25-cv-02142-MLP

**FENNEMORE CRAIG, P.C.**
999 Third Avenue, Suite 600
Seattle, Washington  98104
(206) 749-0500

Johnson at the address in Mandarich's file is sufficient to establish mailing and, absent competent contrary evidence, receipt may be inferred under the ordinary mailbox rule.

Under the mailbox rule, the proper and timely mailing of a document raises a rebuttable presumption that the addressee of a document received it. *Mahon v. Credit Bureau of Placer County Inc.* 171 F.3d 1197, 1202-03 (9th Cir. 1999). Washington state courts follow the same presumption. *Olson v. The Bon, Inc.*, 144 Wn. App. 627, 634, 183 P.3d 259 (2008). This presumption "requires only that a debt collector provide testimony that a letter was sent and not returned as undeliverable." *Grant v. Unifund CCR Partners*, 842 F. Supp. 2d 1234, 1240 (C.D. Cal. 2012) (citation omitted); *see also Schikore v. BankAmerica Supp. Ret. Plan*, 269 F.3d 956, 964 (9th Cir. 2001) (holding that "a sworn statement is credible evidence of mailing for purposes of the mailbox rule.").

"To overcome the presumption of mailing and receipt, a debtor must prove 'by clear and convincing evidence that the mailing was not, in fact, accomplished.' " *Grant*, 842 F. Supp. 2d at 1240 (citation omitted). A plaintiff's statement that they did not receive the letter is not sufficient to meet this burden or to create a triable issue of fact as to the mailing. *See Mahon,* 171 F.3d at 1202; *Grant*, 842 F. Supp. 2d at 1241.

*Mahon v. Credit Bureau of Placer County Inc.* is instructive. There, the Ninth Circuit affirmed the grant of summary judgment in favor of the debt collector on, among other things, whether the debt collector complied with the FDCPA by simply sending the required debt notice (regardless of receipt). *See id.* at 1201-02. The Court noted that the debtor offered no evidence that the debt collector didn't follow its ordinary business procedure in sending them notice; instead they merely claimed they did not receive the notice. That claim by the debtor, the Court concluded, was not enough to establish a genuine dispute of fact, meriting summary judgment. *See id.* at 1202.

MANDARICH LAW GROUP, LLP'S
MOTION FOR SUMMARY JUDGMENT -7
No. 2:25-cv-02142-MLP

**FENNEMORE CRAIG, P.C.**
999 Third Avenue, Suite 600
Seattle, Washington  98104
(206) 749-0500

## 2.    The complaint complied with RCW 19.16.250(9).

Even if the Summons and Complaint in the District Court Action were the first documents that Johnson received, there is no basis for an argument that Mandarich violated RCW 19.16.250(9). That subsection applies only where a written communication concerning a claim is made "through a proper legal action, process, or proceeding" and is the <u>first</u> written communication with the debtor. In that circumstance, the written communication must provide the itemization required by RCW 19.16.250(8)(c). *See* RCW 19.16.250(9).

Here, the complaint provided the required information. It identified Johnson's account ending in 7658 and stated that JPMorgan Chase sought $10,149.48 on the account. (Mandarich Decl. ¶ 8 and Ex. B.) The complaint explicitly disclaimed seeking interest, service charges, collection costs, attorneys' fees, or other charges from Johnson. (*Id,* ¶ 13 and Ex. B.) Because the complaint disclosed the amount claimed and reflected no additional statutory itemization categories were being collected, it satisfied RCW 19.16.250(9).

## 3.    Mandarich did not violate RCW 19.16.250(27) By Virtue of ABC Legal's Independent Error.

Mandarich complied with RCW 19.16.250(27): it directed ABC Legal to file and then serve the Summons and Complaint for the District Court Action.  And it received confirmation that the Summons and Complaint had been properly filed and showed the case number. (Mandarich Decl., ¶¶ 13-14 and Ex. B.)  Any subsequent distortion or modification of the conformed as-filed documents was not caused, directed, authorized, or known by Mandarich. (*Id.*, ¶ 15.)

RCW 19.16.250 does not extend to impose strict vicarious liability for an independent process server's downstream printing error in preparing a document for service. And even under ordinary agency principles, ABC Legal was an independent contractor and Mandarich did not control the manner and means of ABC's process server work.

In short, any alleged defect first appeared in the copies of the as-filed documents that Johnson says ABC Legal delivered. The record contains no evidence that the defect existed in

MANDARICH LAW GROUP, LLP'S
MOTION FOR SUMMARY JUDGMENT -8
No. 2:25-cv-02142-MLP

**FENNEMORE CRAIG, P.C.**
999 Third Avenue, Suite 600
Seattle, Washington  98104
(206) 749-0500

the filed pleadings. (Mandarich Decl., ¶¶ 13-14 and Ex. B.) Even assuming there was a mistake by ABC Legal on its post-filing printing and service of the Summons and Complaint, that does not make Mandarich liable under RCW 19.16.250 for that error.

The statutory text confirms the distinction. RCW 19.16.250 identifies the actors the statute regulates: "[n]o **licensee** or employee of a **licensee** shall" engage in the listed practices. *See* RCW 19.16.250 (emphasis added). The statute's remedial provisions likewise attach consequences where the prohibited act is committed by "a licensee or an employee of a licensee." RCW 19.16.440; RCW 19.16.450. In context, this is Mandarich (the licensee) and its employees.

The Legislature did not make collection agencies insurers for every independent act of every outside vendor. Nor did it displace ordinary agency principles. To the contrary, where the Legislature intended to reach conduct that a licensee "cause[s]" another person to perform, it used that language expressly elsewhere in RCW 19.16.250. *See, e.g.*, RCW 19.16.250(3) (addressing "caus[ing] to be published or posted, a list of debtors"); RCW 19.16.250(8) (addressing "caus[ing] to be given notice, letter, message, or form" outside of legal action).

RCW 19.16.250(27) contains no such provision that imposes liability on Mandarich based on the acts of ABC Legal. The Court "presumes the legislature says what it means and means what it says in a statute." *State v. Valdiglesias LaValle*, 2 Wn. 3d 310, 321-22, 535 P.3d 856 (2023). And the "legislature is deemed to intend a different meaning when it uses different words" within the same statute. *State v. Roggenkamp*, 153 Wn.2d 614, 625, 106 P.3d 196 (2005). Accordingly, RCW 19.16.250 does not hold Mandarich liable for any error by ABC Legal in serving process.

Relevant common law aligns with this conclusion. In Washington, a principal is not vicariously liable for an independent contractor's acts unless the principal retains the right to control the manner and means of the work. *DeWater v. State*, 130 Wn.2d 128, 138–42, 921 P.2d 1059 (1996). In the context of the law firm and process server relationship, federal courts—

MANDARICH LAW GROUP, LLP'S
MOTION FOR SUMMARY JUDGMENT -9
No. 2:25-cv-02142-MLP

**FENNEMORE CRAIG, P.C.**
999 Third Avenue, Suite 600
Seattle, Washington 98104
(206) 749-0500

applying this same principle in the analogous Federal Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") —have held that law firms are not vicariously liable for wrongful or negligent acts of process servers.

For example, in *Ross v. Vakulskas Law Firm, P.C.*, 2012 WL 4092419 (N.D. Iowa 2012), the Northern District of Iowa held that a debt collector was not liable for the actions of its process server absent very limited exceptions (none of which exist here). In *Ross*, the Court granted summary judgment dismissal for the debt collection agency on FDCPA violation claims. In so granting, the Court held that absent some allegation that the debt collector instructed the process server to do something unlawful, or that the process server itself was a "debt collector" under the FDCPA, liability did not attach.

The Court applied the basic agency principle that an employer is not liable for the actions of an independent contractor. That is, "since the employer has no power of control over the manner in which the work is to be done by the contractor, it is to be regarded as the contractor's own enterprise, and [the contractor], rather than the employer, is the proper party to be charged with the responsibility of preventing the risk, and bearing and distributing it." *Id.* at \*6.

When Mandarich transmitted the Complaint and Summons to ABC Legal for e-filing and service.  And the record reflects that ABC Legal did properly file these documents, which clearly display the case number.  (Mandarich Decl., ¶¶ 13-14 and Ex. B.)  ABC Legal may have made a mistake when it subsequently printed and prepared the Complaint and Summons for service on Johnson. But holding Mandarich liable would contravene the statutory text of RCW 19.16.250, as well as caselaw addressing the compellingly similar FDCPA, and basic agency principles.

**C.    Mandarich Did Not Violate the FDCPA.**

Johnson's Complaint does not explicitly allege an FDCPA claim. Instead, the Complaint refers to FDCPA violations only in the prayer for relief, where it requests "statutory damages of $1,000.00 for FDCPA violations" and "costs and reasonable attorney's fees as determined by

MANDARICH LAW GROUP, LLP'S
MOTION FOR SUMMARY JUDGMENT -10
No. 2:25-cv-02142-MLP

**FENNEMORE CRAIG, P.C.**
999 Third Avenue, Suite 600
Seattle, Washington  98104
(206) 749-0500

the Court pursuant to 15 U.S.C. 1692k(a)(3)." (Dkt. 1 at Appendix A, Prayer for Relief.). But even if the Complaint does assert a FDCPA claim, summary judgment is proper because the undisputed record establishes the bona fide-error defense applies here.

The FDCPA provides that a debt collector "may not be held liable" if it proves by a preponderance of the evidence that the alleged violation "was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). The Ninth Circuit applies three elements in analyzing this defense, looking to whether: "(1) [the debt collector] violated the FDCPA unintentionally; (2) the violation resulted from a bona fide error; and (3) the debt collector maintained procedures reasonably adapted to avoid the violation*." Urbina v. Nat'l Bus. Factors, Inc.*, 979 F.3d 758, 763 (9th Cir. 2020). The procedures must be directed to the specific error at issue and must be explained with enough detail to show how they were reasonably adapted to avoid that error. *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1006–07 (9th Cir. 2008). Each element is satisfied here.

First, there is no evidence that Mandarich intentionally caused a summons or complaint without a legible case number to be served on Johnson. The undisputed evidence is to the contrary. Mandarich prepared the Summons and Complaint, transmitted these documents to ABC Legal for e-filing and service, and ABC Legal properly filed the documents that Mandarich and these documents bear the court-assigned case number. (Mandarich Decl. at ¶¶ 13-14 and Ex. B.) On this record, any alleged FDCPA violation could not have been intentional by Mandarich.

If the Summons and Complaint that were served on Mr. Johnson by ABC Legal did not bear a legible case number, the defect alleged by Mr. Johnson occurred *after* the Summons and Complaint had been properly filed by ABC Legal at Mandarich's instruction. Mandarich does not have personal knowledge as to what may have happened, but believes that there may have

MANDARICH LAW GROUP, LLP'S
MOTION FOR SUMMARY JUDGMENT -11
No. 2:25-cv-02142-MLP

**FENNEMORE CRAIG, P.C.**
999 Third Avenue, Suite 600
Seattle, Washington  98104
(206) 749-0500

been a printing error when ABC Legal prepared service copies of the filed Summons and Complaint. (*Id.*, ¶¶ 15-18.)

Second, any alleged violation resulted from a bona fide error. To be clear, Johnson does not allege that the debt was fabricated, that the wrong debtor was sued, that the wrong account was identified, or that Mandarich intentionally served unfiled pleadings. Rather, the sole basis for his claim is that the copies of the Summons and Complain handed to him by the process server allegedly did not display a legible case number. But Mandarich's own filed documents and the documents transmitted to ABC Legal did not have that defect. (Mandarich Decl. at ¶¶ 13-14 and Ex. B.)  If a defect later appeared in the service copies, it was a clerical, printing or document-preparation error occurring after Mandarich transmitted the correct filed pleadings for service.  This is precisely the sort of error to which the bona fide-error defense applies.

The FDCPA's bona fide-error defense requires "reasonably adapted" procedures, not perfect procedures or an impossible watchman-like supervision of every subsequent ministerial act performed by an independent process server. *See, e.g., Hyman v. Tate*, 362 F.3d 965 (7th Cir. 2004) (finding a debt collector not liable for sending a collection notice to a bankrupt debtor, because the collector acted unintentionally, could reasonably rely on its creditor clients to not forward accounts in bankruptcy, and was not required to independently confirm bankruptcy).

Mandarich had an established procedure here. Mandarich retains ABC Legal, an experienced legal document provider, to e-file legal pleadings and to serve them in accordance with Washington law.  (Mandarich Decl. at ¶¶ 10-12.)  ABC Legal properly accomplished the filing as directed by Mandarich and the filings bear the requisite case number  (*Id.*, ¶¶ 13-14 and Ex. B.)

Nothing in the record suggests that Mandarich knew, or had reason to know, that the subsequent service copies that ABC Legal prepared would reflect a blurred case number. Because the undisputed evidence shows that Mandarich's procedures were reasonably adapted

MANDARICH LAW GROUP, LLP'S
MOTION FOR SUMMARY JUDGMENT -12
No. 2:25-cv-02142-MLP

**FENNEMORE CRAIG, P.C.**
999 Third Avenue, Suite 600
Seattle, Washington  98104
(206) 749-0500

to prevent the precise error Johnson alleges, any FDCPA claim is barred by 15 U.S.C. § 1692k(c).

### IV.   CONCLUSION

The undisputed record establishes that Mandarich (a) sent Johnson a pre-suit notice letter that provided all statutorily-required information, and (b) directed that the Summons and Complaint in the District Court Action be filed and then served on Johnson.

If and to the extent the documents ultimately served on Plaintiff displayed illegible case number information, that condition was not the result of something within Mandarich's control.  Mandarich provided the Summons and Complaint to ABC Legal, a professional legal service, for filing and service.  ABC Legal filed the Summons and Complaint as directed—and delivered conformed as-filed copies to Mandarich.  Any subsequent error in the preparation of service copies does not confer liability on Mandarich.  The only entity that committed error, if any, was ABC Legal—an independent process server who is not a party to this lawsuit and not a "licensee or employee of a licensee" for purposes of RCW 19.86.250.  To hold Mandarich responsible in this circumstance would expand the statute and impute a previously unrecognized duty on Mandarich to somehow supervise an independently contracted process server.

Johnson has not asserted a specific or cognizable FDCPA claim.  Moreover, the context of this case reflects a bona fide error for purposes of the FDCPA.

Mandarich respectfully requests that its Motion be granted and the Court dismiss Plaintiff's complaint in its entirety.

MANDARICH LAW GROUP, LLP'S
MOTION FOR SUMMARY JUDGMENT -13
No. 2:25-cv-02142-MLP

**FENNEMORE CRAIG, P.C.**
999 Third Avenue, Suite 600
Seattle, Washington  98104
(206) 749-0500

DATED: June 22, 2026.

**FENNEMORE CRAIG, P.C.**


By    */s/ Stephen C. Willey*
      Stephen C. Willey, WSBA No. 24499
      Brian C. Nadler, WSBA No. 51199
      999 Third Avenue, Suite 600
      Seattle, Washington 98104
      Telephone: (206) 749-0500
      Facsimile: (206) 749-0600
      E - swilley@fennemorelaw.com
      E - bnadler@fennemorelaw.com

*Attorneys for Defendant Mandarich Law Group, LLP*

I certify that this memorandum contains 4,207 words, in compliance with the Local Civil Rules.

MANDARICH LAW GROUP, LLP'S
MOTION FOR SUMMARY JUDGMENT -14
No. 2:25-cv-02142-MLP

**FENNEMORE CRAIG, P.C.**
999 Third Avenue, Suite 600
Seattle, Washington  98104
(206) 749-0500

## CERTIFICATE OF SERVICE

I hereby declare under penalty of perjury under the laws of the United States of America that on this date, the foregoing document was filed electronically with the Court and thus served simultaneously upon all counsel of record.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on June 22, 2026.

_____
Amanda Saeteurn

CERTIFICATE OF SERVICE
No. 2:25-cv-02142-MLP

**FENNEMORE CRAIG, P.C.**
999 Third Avenue, Suite 600
Seattle, Washington  98104
(206) 749-0500

65185801.1