The Honorable Michelle L. Peterson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CLARENCE JOHNSON,

Plaintiff,

v.

MANDARICH LAW GROUP, LLP,

Defendant.

Case No. 2:25-cv-02142-MLP

**DEFENDANT MANDARICH LAW GROUP, LLP'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

NOTE ON MOTION CALENDAR:
July 14, 2026

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
(No. 2:25-cv-02142-MLP)

**FENNEMORE CRAIG, P.C.**
999 Third Avenue, Suite 600
Seattle, Washington 98104
(206) 749-0500

**TABLE OF CONTENTS**

Page(s)

I.      INTRODUCTION AND RELIEF REQUESTED........................................................1

II.     RELEVANT BACKGROUND ................................................................................1

III.    ARGUMENT.............................................................................................................2

        A.      Legal Standard. ...........................................................................................2

        B.      Mandarich Did Not Violate RCW 19.16.250(27)........................................3

        C.      There Is No "Strict Liability" on These Facts. ...........................................4

        D.      The FDCPA's "Bona Fide Error" Defense is Applicable...............................5

        E.      Johnson's Asserted FDCPA Claims Have No Substantive Merit. ...................6

IV.     CONCLUSION.........................................................................................................7

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - i
(No. 2:25-cv-02142-MLP)

**FENNEMORE CRAIG, P.C.**
999 Third Avenue, Suite 600
Seattle, Washington 98104
(206) 749-0500

## I.   INTRODUCTION AND RELIEF REQUESTED

Plaintiff Clarence Johnson's ("Johnson") Motion for Partial Summary Judgment (Dkt. 13) is conclusively undermined by Defendant Mandarich Law Group, LLP's ("Mandarich") Motion for Summary Judgment (Dkt. 14).

For its part, Johnson's motion rests on a simplified factual premise and conclusion: that because Johnson received service copies of a Summons and Complaint for a lawsuit filed in King County District Court, where the documents as served by the process server did not display a legible case number, Mandarich is liable as a matter of law for violation of RCW 19.16.250(27).[1]

This narrow fact assertion is undisputed as far as it goes, but the legal conclusion fails. In short, the record reflects that (a) Mandarich directed ABC Legal to file and serve the Summons and Complaint against Johnson; (b) ABC Legal filed the Summons and Complaint and returned conformed copies to Mandarich, which conformed copies bore the King County District Court case number: 25CIV113421KCX; and (c) the copies of the Summons and Complaint that ABC Legal printed and served on Johnson reflected filing in King County District Court, but the case number was illegible.

On this record, Johnson cannot establish that Mandarich violated RCW 19.16.250(27). The Court should deny Johnson's motion and, for the reasons set forth in Mandarich's own motion (Dkt. 14), the Court should enter judgment for Mandarich.

## II.   RELEVANT BACKGROUND

The material facts are straightforward and undisputed, but the apposite evidentiary record is broader than Plaintiff presents in his motion. (*Compare* Dkt. 13 at 2:19 – 3:3 *with* Dkt. 14 at 2:4 – 4:25.) Mandarich incorporates the facts as set out in its Motion for Summary Judgment (Dkt. 14) and the supporting declaration of Chris Mandarich (Dkt. 15) by reference and as if fully stated herein. Several points merit reiteration:

*First*, before the King County District Court action was filed, Mandarich sent Plaintiff a

---

[1] Plaintiff's Complaint and Motion both erroneously refer to RCW 19.16.250(28).

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 1
(No. 2:25-cv-02142-MLP)

**FENNEMORE CRAIG, P.C.**
999 Third Avenue, Suite 600
Seattle, Washington 98104
(206) 749-0500

written notice letter dated June 19, 2025. (Dkt. 14 at 2:17-20; Dkt. 15 at ¶¶ 5 – 7 and Ex. A.) This notice letter identified Mandarich as the debt collector, provided contact information for Mandarich (including physical street address, phone, fax, and email), identified JPMorgan Chase Bank, N.A. as the original creditor, identified Johnson's account ending in 7658, stated the balance claimed, provided the last-payment information, and included dispute and validation information. (Dkt. 14 at 2:17-3:4; Dkt. 15 at ¶ 6 and Ex. A.) This matters because Plaintiff's motion suggests the served pleadings were an unexplained, first-contact event and that he was confused as a result. (Dkt. 13 at 3:8-10; Dkt. 13-1 at ¶ 8.)  The actual record contradicts this narrative.[2]

*Second*, when Mandarich initiated the District Court action, it followed its established procedure for filing and serving a summons and complaint in Washington. (Dkt. 14 at 4:2-5.) It transmitted the Summons and Complaint to ABC Legal for e-filing and subsequent service. (*Id.* at 3:21–4:25.) ABC Legal filed the pleadings in King County District Court on September 8, 2025 at 8:30 a.m. and returned conformed copies to Mandarich. *(Id.* at 4:2-17.) Those conformed copies bore the legible case number 25CIV113421KCX. (*Id.* at 4:6-9.)

*Third*, Mandarich did not direct or authorize anyone to serve a legal pleading without a case number, nor did it instruct ABC Legal, or anyone else, to remove, obscure, omit, or blur the case number. (Dkt. 14 at 4:18-20.) To the extent the service copies provided to Plaintiff did not show a legible case number, this error occurred after ABC Legal had properly filed the pleadings and returned conformed, case-numbered copies. (*Id.* at 4:10-17.)

### III.    ARGUMENT

**A.    Legal Standard.**

Summary judgment is proper when the pleadings, discovery, and other materials on file, including any affidavits or declarations, show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FRCP 56(a). The moving party

---

[2] Plaintiff's Complaint asserts a claim based on an alleged violation of RCW 19.16.250(9).  (Dkt. 1, Appendix A at ¶¶ 12 – 14, 29 – 31.)  Plaintiff's Motion for Partial Summary Judgment makes no mention of this claim, which is materially undermined by the fact of the initial notice letter Mandarich provided to Johnson.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 2
(No. 2:25-cv-02142-MLP)

**FENNEMORE CRAIG, P.C.**
999 Third Avenue, Suite 600
Seattle, Washington 98104
(206) 749-0500

bears the initial burden of demonstrating the absence of any genuine issues of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier-of-fact] could reasonably find for the plaintiff." *Id.* at 252.

Given the undisputed material facts as outlined more fully in Mandarich's motion (Dkt. 14), the Court should deny Johnson's motion and grant summary judgment for Mandarich.

**B.    Mandarich Did Not Violate RCW 19.16.250(27).**

Johnson's liability theory turns on the proposition that Mandarich "served" Johnson with pleadings that did not bear a case number. But Johnson evades the critical distinction that *Mandarich* did not do so. Importantly, Mandarich sent—through a secure electronic File Transfer Protocol ("FTP") link—the Summons and Complaint to ABC Legal for e-filing and service. (Dkt. 14 at 3:22-24.) ABC Legal then accomplished the filing as instructed and provided Mandarich with the conformed copies of the filed Summons and Complaint. The conformed copies—as sent to Mandarich—reflect filing in King County District Court and show a legible case number. (Dkt. 14 at 3:22-24; Dkt. 15 at ¶¶ 13 – 16 and Ex. B.)  ABC Legal then prepared service copies and served these service copies of the Summons and Complaint on Johnson. (Dkt. 14 at 3:12-25.)

Statutory text matters. Washington's Collection Agency Act specifically regulates a "licensee or employee of a licensee"—here, Mandarich or its employees. RCW 19.16.250. It does not impute liability on a licensee like Mandarich for the independent acts, mistakes, or printing problems by an outside vendor involved in legal process service. If the Legislature wanted to impose liability on Mandarich for the actions of a third party, it knows how to do so—and it used more expansive and inclusive language elsewhere in the statute. *See, e.g.*, RCW 19.16.250(3), (8). In contrast, RCW 19.16.250(27) does not contain any such expansive language to incorporate the conduct of third parties. The Court should give effect to this difference. *State v. Roggenkamp*, 153 Wn.2d 614, 625, 106 P.3d 196 (2005).

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 3
(No. 2:25-cv-02142-MLP)

The common law is consistent and points to the same result. Under Washington law, a principal is not vicariously liable for an independent contractor's acts unless the principal retains the right to control the manner and means of the work. *DeWater v. State*, 130 Wn.2d 128, 138–42, 921 P.2d 1059 (1996). Here, Mandarich retained ABC Legal—a well-recognized process server with a national footprint—to perform legal document filing and service-of-process work. (Dkt. 14 at 4:16-20.) The record contains no evidence that Mandarich controlled the manner and means by which ABC Legal printed, assembled, and delivered the service copies. Nor is there any evidence that Mandarich directed ABC Legal to serve documents without a legible case number.

Johnson's claim depends on an alleged defect in the preparation of the service copies of the Summons and Complaint—not one caused by Mandarich, but during ABC Legal's printing of service copies. This sort of alleged defect, even if accepted for purposes of this motion, does not establish that Mandarich violated RCW 19.16.250(27) as a matter of law. Johnson's new liability theory would have profound implications beyond this case. It would effectively convert collection agencies into insurers for every ministerial mishap by independent contractors, including process servers. Such a result is untenable and in conflict with both the relevant statute and Washington agency law.

Additionally, the Court should also deny Johnson's claim for liability under Chapter RCW 19.86, *et seq.* (the "CPA"). Johnson's CPA claim depends entirely on establishing a predicate WCAA violation by Mandarich. Because Johnson has not established a predicate violation, he cannot obtain CPA liability as a matter of law.

**C.      There Is No "Strict Liability" on These Facts.**

Johnson repeatedly states that the statutes germane to his claim impose strict liability. (*E.g.*, Dkt. 13 at 2:1, 4:6, 6:3-11.) But this blanket assertion fails to address the determinative and dispositive question: whether *Mandarich* did something that subjects it to liability under the statutes. Again, as detailed above and in Mandarich's competing motion, Mandarich did not do so. (Dkt. 14.) This defeats Johnson's claims under the WCAA, FDCPA, and by extension, the CPA.

And even if strict liability were applicable, it would not eliminate the requirement that

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 4
(No. 2:25-cv-02142-MLP)

FENNEMORE CRAIG, P.C.
999 Third Avenue, Suite 600
Seattle, Washington 98104
(206) 749-0500

Johnson prove that Mandarich (or its employee) committed an act regulated by the statute.[3]

Moreover, the record evidence not only demonstrates that Mandarich itself did not violate the statute, it also shows Mandarich had procedures and processes in place to promote compliance with RCW 19.16.250(27).  (Dkt. 15 at ¶¶ 2, 12 – 16.)

Johnson alleges that he received copies of the Summons and Complaint—which had been filed with the court and had a case number—where the case number in the service copies was not legible. That is the whole basis of his motion (Dkt.13 at 4:3-7.) (asserting "the only fact of consequence on summary judgment is that [Johnson] was served a summons and complaint which lacked a case number, an action prohibited by RCW 19.16.250(28) [sic]. There can be no dispute *that* this event happened. Whatever [Mandarich] has to say about *how* the event happened is irrelevant[.]").

Under the record facts of this case, Johnson is not entitled to summary judgment. The "how" and the "who" matter in determining liability under the statute. The Court should deny Johnson's motion.

**D.      The FDCPA's "Bona Fide Error" Defense is Applicable.**

Johnson's argument on FDCPA liability has the same flaw: it assumes that strict liability means automatic liability.[4]  The FDCPA says otherwise.

The FDCPA provides a specific defense to an alleged violation.  A debt collector "may not be held liable" if it proves by a preponderance of the evidence that the violation was unintentional, resulted from a bona fide error, and occurred despite procedures reasonably adapted to avoid the error. 15 U.S.C. § 1692k(c); *Urbina v. Nat'l Bus. Factors, Inc.*, 979 F.3d 758, 763 (9th Cir. 2020). Here, Mandarich satisfies these elements.

---

[3] RCW 19.16.250(27) provides that "[n]o licensee or employee of a license shall … [s]erve a debtor with a summons and complaint unless the summons and complaint have been filed with the court and bear the case number assigned by the court."

[4] Johnson's Motion for Partial Summary Judgment makes FDCPA arguments and asserts purported claims under 15 U.S.C. §§ 1692e, 1692f, and 16929f(1).  (*E.g.,* Dkt. 14 at 6:3 – 9:16).  But Johnson's Complaint does not allege any of these claims or any specific FDCPA claim; rather, it references "15 U.S.C. § 1692 ET SEQ." in the caption and seeks "statutory damages" under the FDCPA in the Prayer for Relief.  (Dkt. 1, Appendix A.)

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 5
(No. 2:25-cv-02142-MLP)

**FENNEMORE CRAIG, P.C.**
999 Third Avenue, Suite 600
Seattle, Washington 98104
(206) 749-0500

*First*, there is no evidence of intent. Mandarich did not intend to serve pleadings without a case number. It transmitted the Summons and Complaint to ABC Legal for filing and subsequent service. ABC Legal filed them. The conformed pleadings bore the court-assigned case number. Mandarich did not instruct anyone to alter or obscure the number. (Dkt. 14 at 6:18-19.)

*Second*, any alleged violation resulted from a bona fide error. Plaintiff does not allege that Mandarich fabricated a debt, sued the wrong person, filed in the wrong court, or served unfiled pleadings. His theory is narrower: the service copies of the Summons and Complaint that ABC Legal printed and handed to him allegedly did not display a legible case number. If this occurred, it was a clerical, printing, or document-preparation error arising after ABC Legal properly filed the pleadings at Mandarich's direction in order to comply with Washington law.  (Dkt. 15 at ¶¶ 10 – 19.)

*Third*, Mandarich maintained procedures reasonably adapted to comply with Washington law and avoid errors. Mandarich used an established process: transmitting the pleadings to ABC Legal, a professional legal document vendor, for e-filing and service; obtaining conformed filed copies; and having ABC Legal serve the pleadings as filed. (Dkt. 14 at 5:21–6:25.) The FDCPA requires reasonable procedures, not perfect ones. It does not require a debt collector to personally supervise every later ministerial act by an independent process server after the pleadings have been filed. The inadvertent delivery of poorly printed service copies of filed pleadings is a paradigmatic "bona fide error" under the FDCPA.

**E.      Johnson's Asserted FDCPA Claims Have No Substantive Merit.**

Johnson's summary judgment motion invokes 15 U.S.C. § 1692e and 1692f, as arguments for summary judgment in his favor.[5] These arguments are duplicative of, and suffer the same infirmities as, his claim under RCW 19.16.250(27).

Section 1692e prohibits "any false representation or deceptive means to collect … a debt" and Section 1692f generally prohibits a debt collector from using unfair or unconscionable

---

[5] As noted (*see* n.4 *supra.*), Johnson did not plead these claims in his Complaint.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 6
(No. 2:25-cv-02142-MLP)

**FENNEMORE CRAIG, P.C.**
999 Third Avenue, Suite 600
Seattle, Washington 98104
(206) 749-0500

collection means. But again, the record does not establish that *Mandarich*—the debt collector—made any false or deceptive representation or committed an act, much less one that is "unfair" or "unconscionable." Mandarich used ABC Legal to file and serve the Summons and Complaint; ABC Legal filed the pleadings and returned conformed copies to Mandarich; the conformed as-filed copies bore the case number; and any alleged defect arose later by virtue of ABC Legal's actions.

Unsurprisingly, the authority Johnson cites bears no relevance to this case. Riggs v. Prober & Raphael, 681 F.3d 1097 (9th Cir. 2012) concerned whether a debt collection letter complied with 15 U.S.C. § 1692g(a)(3). The Court of Appeals affirmed the trial court's grant of summary judgment and ruled that the letter in question did not violate § 1692g(a)(3) and that the plaintiff's derivative claims under §§ 1692e and 1692e(10) likewise failed. *Id.* at 1104.

*McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 949 (9th Cir. 2011) is likewise inapposite. Johnson cites to McCullough for affirming a § 1692f(1) claim where the debt collector sought attorney fees without any legal basis. (Dkt. 13 at 9:10-12). But Johnson does not claim that Mandarich improperly sought legal fees. Here, the complaint in the District Court Action identified Johnson's account ending in 7658, sought $10,149.48, and expressly disclaimed interest, service charges, collection costs, attorneys' fees, and other charges. (Dkt. 14 at 10:8-13.) Plaintiff has not identified any unauthorized amount Mandarich attempted to collect.

### IV.    CONCLUSION

Plaintiff presents his motion as "narrow" and "on a straightforward [sic] issue of law." But the motion necessarily omits facts that matter and does not identify any apposite legal authority. For the above reasons, as well as those in Mandarich's Motion for Summary Judgment, the Court should deny Johnson's motion and grant summary judgment in Mandarich's favor.

/ / /

/ / /

/ / /

/ / /

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 7
(No. 2:25-cv-02142-MLP)

DATED: July 7, 2026

**FENNEMORE CRAIG, P.C.**


By:   */s/ Stephen C. Willey*
Stephen C. Willey, WSBA No. 24499
Brian C. Nadler, WSBA No. 51199
999 Third Avenue, Suite 600
Seattle, Washington 98104
Telephone: (206) 749-0500
Facsimile: (206) 749-0600
swilley@fennemorelaw.com
bnadler@fennemorelaw.com

*Attorneys for Defendant Mandarich Law Group, LLP*

*I certify that this memorandum contains 2,490 words, in compliance with the Local Civil Rules.*

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 8
(No. 2:25-cv-02142-MLP)

**FENNEMORE CRAIG, P.C.**
999 Third Avenue, Suite 600
Seattle, Washington 98104
(206) 749-0500

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this July 7, 2026, I electronically filed the foregoing a true and correct copy of the above document with the Clerk of the Court using the CM/ECF system, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system.  The NEF for the foregoing specifically identifies recipients of electronic notice.

Amanda Saeteurn

CERTIFICATE OF SERVICE
(No. 2:25-cv-02142-MLP)

FENNEMORE CRAIG, P.C.
999 Third Avenue, Suite 600
Seattle, Washington 98104
(206) 749-0500