UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

CLARENCE JOHNSON,

Plaintiff,

vs.

MANDARICH LAW GROUP, LLP,

Defendant.

NO. 2:25-cv-02142-MLP

**PLAINTIFF'S SUPPLEMENTAL AUTHORITY**

Last week, this Court requested oral argument on the parties' cross-motions for summary judgments, and argument was held on August 13, 2026. This case largely concerns the language of RCW 19.16.250(27), which states collection agencies (or their employees) may not: "Serve a debtor with a summons and complaint unless the summons and complaint have been filed with the court and bear the case number assigned by the court."

This Court expressed its concern that, as written, the statute would seem to prohibit only collection agencies from serving a case without a case number, whereas the Defendant retained a process server.[1]

[1] Plaintiff understands the Court did not order supplemental briefing. Plaintiff simultaneously is mindful of what a tremendous waste of time additional motion practice (on the issue of whether to permit supplemental briefing) would be for all involved. This "brief" is offered solely to provide context for the legislative materials attached hereto, in hopes of helping this Court's ultimate analysis related to the



**ANDERSON | SANTIAGO**
207B SUNSET BLVD. N
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

At a separate point in the hearing, this Court contemplated (something to the effect of) whether the term "serve" (as a lawsuit) was to be used in its colloquial sense, as the identity of who is "filing" or "bringing" or "serving" a lawsuit can be applied in an overly-literal sense. (A person may hire a law firm to draft a complaint; conversationally, it would not be wrong to state that the litigant "filed" the lawsuit, or that the law firm/lawyer "filed" the lawsuit, even though the *act of filing* may have been accomplished by a legal messenger service.)

Plaintiff's point, in response to the Court's concerns, was essentially that RCW 19.16.250(27) could not be parsed into such detail; while it is the case that other subsections employ the "[X], or cause to be [X]" phrasing, that could not be dispositive. When reading the statute as a whole – through *any* lens of statutory construction – Plaintiff would argue that the legislature could not possibly have taken the time to pass this statute if it could be circumvented by the most common of occurrences – hiring a process server to serve a lawsuit.

Though Plaintiff does not recall this Court's words verbatim (contemplating the colloquial usage of the term 'serve,' as a lawsuit), Plaintiff does echo the sentiment – "serving" and "filing" lawsuits are often done through agents, and common usage has encompassed this. As noted in Plaintiff's briefing, litigants are prohibited from serving their own lawsuits, and collection agencies are often plaintiffs (dkt. #17 at 7), thus yielding another absurd result if the statute were read to prohibit only collection agencies from this action. An overly-literal analysis loses the forest for the trees, as they say; the only sensible reading is that used by the legislature.

**Attached hereto** are the final Senate Bill and House Bill Reports from 2019 on House Bill 1066, as well as the Final Bill Report, which, when enacted, added the language in RCW

---

questions asked at oral argument. Plaintiff – well, his counsel – otherwise apologizes for the procedural irregularity.



ANDERSON | SANTIAGO
207B SUNSET BLVD. N
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

19.16.250(27). Plaintiff provides this for context surrounding the usage of the term "serve"; resorting to legislative history, of course, is only appropriate when a statute is ambiguous, and such reports are not conventionally legislative history anyway. Rather, the phrasing is what matters – there was never any debate on whether "only" collection agencies should be prohibited from serving unfiled/unnumbered lawsuits. The issue was debt collection lawsuits, and the legislative tool to regulate was, naturally, the Collection Agency Act.[2]

The Final Bill Report explains initiation of lawsuits: "To commence an action in a court of limited jurisdiction, [CRLJ] 3 requires that a plaintiff file the complaint with the court. **The plaintiff may then serve the defendant** with a summons and copy of the complaint." (emphasis added). "Serve" is used in the general sense; otherwise, read literally, this would be impossible, as CR 4(c) specifically prohibits parties from serving their own lawsuits. The Final Bill Report continues: "Regardless of the court in which an action is brought, a defendant served with a summons and complaint must respond with his or her defense…" Again, the focus is not on the identity of who is physically accomplishing service of process, but the concept that debt collection lawsuits are being propagated to individuals.

The Senate Bill Report uses the word "serve" in the same manner: "The party starting the lawsuit may deliver an unfiled summons and complaint according to the service of process rules and then file the documents with the court clerk **after service on the defendant**. Alternatively, the **party starting the lawsuit may** file the summons and complaint with the court first and **then serve the defendant**." S.B. Report at 2 (emphasis added). "In superior court, the **collection agency may elect to** file the complaint with the court first, **then serve the debtor**. Alternatively,

[2] The legislature lacks the power to, say, amend CR 3, which otherwise permits commencement of a lawsuit by service.



**ANDERSON | SANTIAGO**
207B SUNSET BLVD. N
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

the collection agency **may elect to serve an unfiled summons and complaint on the debtor**." *Id*. (emphasis added). Again, the precise, literal mechanism of how service of process occurs (in the vast, vast majority of cases, professional process servers) is immaterial; the conceptual understanding of the word "serve" (a lawsuit) itself carries imputed "…or cause to be…" language.

The legislature was concerned – and included in its legislative findings as part of the statute's amendments – with individuals receiving *otherwise lawful per CR 3* debt collection lawsuits lacking case numbers. While perhaps equally confusing to other defendants (architects, doctors, and business owners can all be served with unfiled lawsuits), the legislature identified debt collection lawsuit defendants as a vulnerable group and placed the onus on those in control of debt collection lawsuits: Collection Agencies. There is no sensible reading of RCW 19.16.250(27) in which a collection agency is able to outsource its obligations simply by doing what it already does – hiring a process server.

Other statutes similarly cannot be read with such exacting literalism, either. RCW Chapter 46.61 (Rules of the Road) uses phrases like "no person shall drive a vehicle…" or "a vehicle shall not be driven…"; in the age of self-driving cars, someone could argue "well, I wasn't driving at all, I was *causing the vehicle to be driven*, and *that* isn't in this particular statute." The functional effect is the same.

Here, Mandarich directs the filing and service of its lawsuits. Mandarich is the licensed collection agency. Mandarich could have chosen any number of methods to ensure compliance with state law. Its calculus (that outsourcing the job) perhaps made sense (or still does make sense). ***Mandarich could have added its process server as a third-party defendant***. In any event, Mandarich is the collection agency, that is who the legislature regulated, and that is who is ultimately responsible for its debt collection lawsuits.



ANDERSON | SANTIAGO
207B SUNSET BLVD. N
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

I certify that this memorandum contains 1,067 words, in compliance with the Local Civil Rules.

Dated this 18th day of August, 2026.

**ANDERSON SANTIAGO, PLLC**

By: /s/ Jason D. Anderson
Jason D. Anderson, WSBA No. 38014
T. Tyler Santiago, WSBA No. 46004
Attorneys for Plaintiff
207B Sunset Blvd. N
Renton, WA 98057
(206) 395-2665
(206) 395-2719 (fax)

# FINAL BILL REPORT
# HB 1066

**C 201 L 19**
Synopsis as Enacted

**Brief Description**: Requiring debt collection complaints to be filed prior to service of summons and complaint.

**Sponsors**: Representatives Kilduff, Valdez, Orwall, Jinkins, Ryu, Bergquist, Stanford, Leavitt, Walen and Young; by request of Attorney General.

**House Committee on Civil Rights & Judiciary**
**Senate Committee on Law & Justice**

**Background**:

Collection Agencies.
At the state level, debt collection agencies are regulated by the Collection Agency Act (CAA). The CAA creates a licensing system for collection agencies, establishes a regulatory board, sets forth prohibited practices, and provides remedies. Generally, a collection agency includes any person or business collecting claims owed to another person or business.

No person or business may act as a collection agency without first acquiring a license from the Department of Licensing (DOL). The DOL may deny, revoke, not renew, or suspend licenses for reasons related to conduct, financial circumstances, and noncompliance with the law.

The CAA sets forth a number of prohibited practices. For example, collection agencies may not:

- contact a debtor with excessive frequency or at an unreasonable hour;
- publish an individual's debt or share the amount due with a third party; or
- misrepresent themselves when communicating with a debtor.

Violations of these prohibited practices are unfair and deceptive trade practices under the Consumer Protection Act (CPA). Individual debtors may file complaints with the Collection Agency Regulatory Board or with the Attorney General. Individuals may also bring civil suits against collection agencies for alleged violations of the CAA for injunctive relief and damages.

Commencement of an Action.

---

*This analysis was prepared by non-partisan legislative staff for the use of legislative members in their deliberations. This analysis is not a part of the legislation nor does it constitute a statement of legislative intent.*

Washington's court system is comprised of multiple types of courts. Superior courts are courts of general jurisdiction. District and municipal courts are courts of limited jurisdiction. District courts may hear civil suits in which the value of the claim or amount at issue does not exceed $100,000. The small claims department within each district court has jurisdictions in cases for the recovery of money up to $5,000.

Washington Superior Court Civil Rule 3 provides that a plaintiff may commence an action in superior court by either filing the complaint with the court or serving the defendant with a summons and copy of the complaint. A defendant served with a summons and complaint that has not yet been filed with the court may demand the plaintiff file the lawsuit with the court. If demanded, failure to file the lawsuit with the court within 14 days will result in the service being void.

To commence an action in a court of limited jurisdiction, Washington Civil Rules for Courts of Limited Jurisdiction Rule 3 requires that a plaintiff file the complaint with the court. The plaintiff may then serve the defendant with a summons and copy of the complaint.

Regardless of the court in which an action is brought, a defendant served with a summons and complaint must respond with his or her defense within the number of days specified in court rule. Failure to respond to service in a timely manner may result in a default judgement against the defendant.

**Summary**:

It is a prohibited practice under the Collection Agency Act for a collection agency to serve a debtor with a summons and complaint unless the summons and complaint have been filed with the court and bear the case number assigned by the court.

**Votes on Final Passage:**

| | | |
|---|---|---|
| House | 59 | 37 |
| Senate | 31 | 17 |

**Effective:** July 28, 2019

# SENATE BILL REPORT
# HB 1066

As Passed Senate, April 15, 2019

**Title**: An act relating to the service of legal actions to collect a debt by a collection agency.

**Brief Description**: Requiring debt collection complaints to be filed prior to service of summons and complaint.

**Sponsors**: Representatives Kilduff, Valdez, Orwall, Jinkins, Ryu, Bergquist, Stanford, Leavitt, Walen and Young; by request of Attorney General.

**Brief History:** Passed House: 2/14/19, 59-37.
**Committee Activity**: Law & Justice: 2/25/19, 3/14/19 [DP, w/oRec, DNP].
**Floor Activity:**
Passed Senate: 4/15/19, 31-17.

**Brief Summary of Bill**

- Prohibits a collection agency from serving a debtor with a summons and complaint in a debt collection lawsuit unless the court documents are filed with the court first and the assigned case number appears on the service documents.

## SENATE COMMITTEE ON LAW & JUSTICE

**Majority Report**: Do pass.
Signed by Senators Pedersen, Chair; Dhingra, Vice Chair; Kuderer and Salomon.

**Minority Report**: That it be referred without recommendation.
Signed by Senator Holy.

**Minority Report**: Do not pass.
Signed by Senators Padden, Ranking Member; Wilson, L..

**Staff**: Melissa Burke-Cain (786-7755)

**Background**: Debt Collection by Collection Agencies and Prohibited Practices. Collection agencies contact delinquent debtors about their unpaid debts and attempt recovery of the

---

*This analysis was prepared by non-partisan legislative staff for the use of legislative members in their deliberations. This analysis is not a part of the legislation nor does it constitute a statement of legislative intent.*

money owed either through the debtor's voluntary payment or by obtaining a court judgment for the unpaid debt in court. Collection agencies are regulated under the federal Fair Debt Collection Practices Act and Washington's Collection Agency Act. In Washington, collection agencies must be licensed by Washington's Department of Licensing (DOL) before collecting debts. DOL is authorized to investigate consumer complaints and take disciplinary action if a collection agency does business without a license; uses prohibited debt collection practices such as using simulated court, government, or emergency notices; engages in unprofessional conduct; or otherwise violates the law.

General Requirements for Commencing a Civil Lawsuit. Under current Superior Court civil rules, a lawsuit may be commenced in one of two ways. The party starting the lawsuit may deliver an unfiled summons and complaint according to the service of process rules and then file the documents with the court clerk after service on the defendant. Alternatively, the party starting the lawsuit may file the summons and complaint with the court first and then serve the defendant with a copy of the summons and complaint. After filing, the clerk assigns a specific case number to the lawsuit which must appear on every court document. For civil actions in district or municipal courts, a lawsuit is commenced only by filing a complaint with the court.

Commencing a Debt Collection Lawsuit. A collection agency may file a lawsuit to collect a debt in a court having jurisdiction over the matter. Under current law, a collection agency may start its lawsuit in superior court if the court has jurisdiction over the parties, the subject matter of the action, and the venue, or county of filing, is correct. In superior court, the collection agency may elect to file the complaint with the court first, then serve the debtor. Alternatively, the collection agency may elect to serve an unfiled summons and complaint on the debtor.

**Summary of Bill**: When a collection agency files a debt collection lawsuit against a debtor, the lawsuit must be commenced by filing a summons and complaint with the court clerk. After filing, the collection agency may serve the court documents on the debtor, but the case number must appear on each court document.

**Appropriation**: None.

**Fiscal Note**: Available.

**Creates Committee/Commission/Task Force that includes Legislative members**: No.

**Effective Date**: Ninety days after adjournment of session in which bill is passed.

**Staff Summary of Public Testimony**: PRO: The reason it is appropriate to single out the debt collection industry is because in most of the cases the debtor is not knowledgeable about court processes and is pro se. It is a David versus Goliath situation. The debt collection lawsuits are the second most common problem for low income persons. For low income persons, the number one complaint they make to the federal consumer protection bureau involves the practices of debt collection agencies. The debt is often sold to a third party collector, perhaps more than one time, so the plaintiff's name on the lawsuit is not recognizable to the defendant; its not a creditor with whom they have had a prior business

relationship. The consequences of these pocket service cases can be severe, for example, garnishment or even issuance of a bench warrant. By changing the pocket service practice for superior court cases brought by debt collectors it aligns the superior court rule with the district court practice. This bill still leaves the plaintiff free to decide when to file the lawsuit. This bill is the first of several strong consumer protection bills coming out of the other chamber that helps prevent consumers from being mislead in the judicial process. The bill is narrowly focused to address a problem that the Attorney General's Office is seeing. The Attorney General's Consumer Protection Division is only seeing this misleading pocket service situation in the debt collection industry.

CON: We oppose the bill because it singles out debt collection agencies. The problem the bill is trying to solve, pocket service, would apply to many other types of cases. Perhaps the courts could take action to modify the rules for commencing a lawsuit to apply a rule across the board and not simply single out debt collection agencies.

**Persons Testifying**: PRO: Representative Christine Kilduff, Prime Sponsor; Shannon Smith, Attorney General's Office; Jay Doran, Statewide Poverty Action Network.

CON: Kelsi Hamilton, Washington Collectors Association.

**Persons Signed In To Testify But Not Testifying**: No one.

# HOUSE BILL REPORT
# HB 1066

**As Passed Legislature**

**Title**: An act relating to the service of legal actions to collect a debt by a collection agency.

**Brief Description**: Requiring debt collection complaints to be filed prior to service of summons and complaint.

**Sponsors**: Representatives Kilduff, Valdez, Orwall, Jinkins, Ryu, Bergquist, Stanford, Leavitt, Walen and Young; by request of Attorney General.

**Brief History:**

**Committee Activity:**

Civil Rights & Judiciary: 1/16/19, 1/25/19 [DP].

**Floor Activity:**

Passed House: 2/14/19, 59-37.
Passed Senate: 4/15/19, 31-17.
Passed Legislature.

**Brief Summary of Bill**

- Makes it a prohibited practice for a collection agency to serve a debtor with a summons and complaint unless the summons and complaint have been filed with the court and bear the case number assigned by the court.

**HOUSE COMMITTEE ON CIVIL RIGHTS & JUDICIARY**

**Majority Report**: Do pass. Signed by 8 members: Representatives Jinkins, Chair; Thai, Vice Chair; Goodman, Kilduff, Kirby, Orwall, Valdez and Walen.

**Minority Report**: Do not pass. Signed by 6 members: Representatives Irwin, Ranking Minority Member; Dufault, Assistant Ranking Minority Member; Graham, Klippert, Shea and Ybarra.

**Staff**: Alaura Valley (786-7291) and Cece Clynch (786-7195).

**Background**:

*This analysis was prepared by non-partisan legislative staff for the use of legislative members in their deliberations. This analysis is not a part of the legislation nor does it constitute a statement of legislative intent.*

Collection Agencies.
At the state level, debt collection agencies are regulated by the Collection Agency Act (CAA). The CAA creates a licensing system for collection agencies, establishes a regulating board, sets forth prohibited practices, and provides remedies. Generally, a collection agency includes any person or business collecting claims owed to another person or business. Claims include any contractual obligation requiring a debtor to make a payment. This includes personal, household, family, and business debts. No person or business may act as a collection agency without first acquiring a license from the Department of Licensing (DOL). The DOL may deny, revoke, not renew, or suspend licenses for reasons related to conduct, financial circumstances, and noncompliance with the law.

The CAA sets forth a number of prohibited practices. For example, collection agencies may not:

- contact a debtor with excessive frequency or at an unreasonable hour;
- publish an individual's debt or share the amount due with a third party; or
- misrepresent themselves when communicating with a debtor.

Violations of these prohibited practices are unfair and deceptive trade practices under the Consumer Protection Act (CPA). Individual debtors may file complaints with the collection agencies regulatory board or with the Attorney General. Individuals may also bring civil suits against collection agencies for alleged violations of the CAA for injunctive relief and damages.

Commencement of an Action.
Washington's court system is comprised of multiple types of courts. Superior courts are courts of general jurisdiction. District and municipal courts are courts of limited jurisdiction. District courts may hear civil suits in which the value of the claim or amount at issue does not exceed $100,000, and in small claims up to $5,000.

To commence an action in superior court, Washington Superior Court Civil Rule 3 provides that a plaintiff may either file the complaint with the court or serve the defendant with a summons and copy of the complaint. Defendants served with a summons and complaint that has not yet been filed with the court may demand the plaintiff file the lawsuit with the court. If demanded, failure to file the lawsuit with the court within 14 days will result in the service being void.

To commence an action in a court of limited jurisdiction, Washington Civil Rules for Courts of Limited Jurisdiction Rule 3 requires a plaintiff file the complaint with the court. The plaintiff may then serve the defendant with a summons and copy of the complaint.

Defendants served with a summons and complaint must respond with their defense within the number of days specified in court rule. Failure to respond to service in a timely manner may result in a default judgement against the defendant.

**Summary of Bill**:

It is a prohibited practice under the Collection Agency Act for a collection agency to serve a debtor with a summons and complaint unless the summons and complaint have been filed with the court and bear the case number assigned by the court.

**Appropriation**: None.

**Fiscal Note**: Available.

**Effective Date**: The bill takes effect 90 days after adjournment of the session in which the bill is passed.

**Staff Summary of Public Testimony**:

(In support) Requiring collection agencies to file the complaint before serving the defendant adds certainty and transparency to these lawsuits. Debtors are often confused when they receive a summons and complaint which contains no filing number from the court. Debtors who then do their due diligence and call the court to ask about the case are told there has been none filed and often disregard the service of process. This practice of "pocket service" is confusing and prevents people from verifying the suit is real. This law impacts the substantive rights of debtors. The consequences of pocket service and subsequent default can be extreme, and everyone deserves fair and reasonable protections when they fall into debt.

(Opposed) Collection agencies provide an important service to businesses owed money, and singling them out in this bill shines a bad light on collection agencies. Many debtors served with a summons and unfiled complaint fail to respond not because they are confused, but because they do not dispute the debt. Refraining from filing the action can save the debtor money in legal fees. A default judgement would likely not be entered against a defendant who did their due diligence and reached out to the entity that served them because that would constitute a sufficient response. Pocket service is banned in 41 other states, and 6 states allow it only when the complaint is filed within a specific time shortly after service. Only 3 states allow pocket service without ever filing the complaint. A fairer alternative would be to ask the Superior Court to revise the rule for commencing an action for all plaintiffs, not just collection agencies.

**Persons Testifying**: (In support) Representative Kilduff, prime sponsor; Shannon Smith, Office of the Attorney General; and Jay Doran, Statewide Poverty Action Network.

(Opposed) Kelsi Hamilton, Washington Collectors Association.

**Persons Signed In To Testify But Not Testifying**: None.

**Washington State**
**House of Representatives**
**Office of Program Research**

**BILL ANALYSIS**

# Civil Rights & Judiciary Committee

# HB 1066

**Brief Description**: Requiring debt collection complaints to be filed prior to service of summons and complaint.

**Sponsors**: Representatives Kilduff, Valdez, Orwall, Jinkins, Ryu, Bergquist, Stanford, Leavitt, Walen and Young; by request of Attorney General.

**Brief Summary of Bill**

- Makes it a prohibited practice for a collection agency to serve a debtor with a summons and complaint unless the summons and complaint have been filed with the court and bear the case number assigned by the court.

**Hearing Date**: 1/16/19

**Staff**: Alaura Valley (786-7291) and Cece Clynch (786-7195).

**Background**:

Collection Agencies.
At the state level, debt collection agencies are regulated by the Collection Agency Act (CAA). The CAA creates a licensing system for collection agencies, establishes a regulating board, sets forth prohibited practices, and provides remedies. Generally, a collection agency includes any person or business collecting claims owed to another person or business. Claims include any contractual obligation requiring a debtor to make a payment. This includes personal, household, family, and business debts. No person or business may act as a collection agency without first acquiring a license from the Department of Licensing (DOL). The DOL may deny, revoke, not renew, or suspend licenses for reasons related to conduct, financial circumstances, and noncompliance with the law.

The CAA sets forth a number of prohibited practices. For example, collection agencies may not:
- contact a debtor with excessive frequency or at an unreasonable hour;
- publish an individual's debt or share the amount due with a third party; or

*This analysis was prepared by non-partisan legislative staff for the use of legislative members in their deliberations. This analysis is not a part of the legislation nor does it constitute a statement of legislative intent.*

- misrepresent themselves when communicating with a debtor.

Violations of these prohibited practices are unfair and deceptive trade practices under the Consumer Protection Act (CPA). Individual debtors may file complaints with the collection agencies regulatory board or with the Attorney General. Individuals may also bring civil suits against collection agencies for alleged violations of the CAA for injunctive relief and damages.

Commencement of an Action.
Washington's court system is comprised of multiple types of courts. Superior courts are courts of general jurisdiction. District and municipal courts are courts of limited jurisdiction. District courts may hear civil suits in which the value of the claim or amount at issue does not exceed $100,000, and in small claims up to $5,000.

To commence an action in superior court, Washington Superior Court Civil Rule 3 provides that a plaintiff may either file the complaint with the court or serve the defendant with a summons and copy of the complaint. Defendants served with a summons and complaint that has not yet been filed with the court may demand the plaintiff file the lawsuit with the court. If demanded, failure to file the lawsuit with the court within 14 days will result in the service being void.

To commence an action in a court of limited jurisdiction, Washington Civil Rules for Courts of Limited Jurisdiction Rule 3 requires a plaintiff file the complaint with the court. The plaintiff may then serve the defendant with a summons and copy of the complaint.

Defendants served with a summons and complaint must respond with their defense within the number of days specified in court rule. Failure to respond to service in a timely manner may result in a default judgement against the defendant.

**Summary of Bill**:

It is a prohibited practice under the Collection Agency Act for a collection agency to serve a debtor with a summons and complaint unless the summons and complaint have been filed with the court and bear the case number assigned by the court.

**Appropriation**: None.

**Fiscal Note**: Not requested.

**Effective Date**: The bill takes effect 90 days after adjournment of the session in which the bill is passed.