The Honorable Michelle L. Peterson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLARENCE JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>MANDARICH LAW GROUP, LLP,<br><br>Defendant. | Case No. 2:25-cv-02142-MLP<br><br>**DEFENDANT MANDARICH LAW GROUP, LLP'S REQUEST TO STRIKE PLAINTIFF'S IMPROPER "NOTICE OF SUPPLEMENTAL AUTHORITY"** |

Mandarich Law Group, LLP ("Mandarich") moves the Court for an order striking Plaintiff's "Notice of Supplemental Authority" as filed on August 18, 2026 (the "Notice"). (Dkt. # 22).

As provided for by the local rules, a Notice of Supplemental Authority is a narrow-purpose filing that permits a party to "bring to the court's attention ***relevant authority issued after*** the date the party's last brief was filed[.]" LCR 7(n). "In this context, 'authority' is '[a] legal writing taken as definitive or decisive; esp., a judicial or administrative decision cited as a precedent.' This definition does not include a party's additional argumentation in support of their position." *Thompson v. Seattle Pub. Schs.*, No. 2:25-CV-00468-TL, 2025 WL 1837693, at *9 (W.D. Wash. July 3, 2025) (citation omitted). LCR 7(n) is clear in this respect: a Notice of Supplemental Authority should only "attach the supplemental authority ***without argument***." (emphasis supplied).

Here, Plaintiff's Notice fails to comply with LCR 7(n). Plaintiff filed his Notice after the



FENNEMORE CRAIG, P.C.
999 Third Avenue, Suite 600
Seattle, Washington 98104
(206) 749-0500

Court held oral argument on the parties' cross-motions for summary judgment. (Dkt. # 21). But the Notice does not identify "relevant authority issued after" Plaintiff's last brief. Nor is it "without argument." In short, Plaintiff's Notice, which largely reiterates arguments presented at oral argument, is a *de facto* improper surreply.

In *Thompson*, the court struck a functionally analogous filing as an "inappropriate surreply" that did not comport with LCR 7(g). 2025 WL 1837693, at *9. The same result should occur here.

DATED: August 20, 2026

**FENNEMORE CRAIG, P.C.**

By: */s/Brian Nadler*
Stephen C. Willey, WSBA No. 24499
Brian C. Nadler, WSBA No. 51199
999 Third Avenue, Suite 600
Seattle, Washington 98104
Telephone: (206) 749-0500
Facsimile: (206) 749-0600
swilley@fennemorelaw.com
bnadler@fennemorelaw.com

*Attorneys for Defendant Mandarich Law Group, LLP*

*I certify that this memorandum contains 242 words, in compliance with the Local Civil Rules.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this August 20, 2026, I electronically filed the foregoing a true and correct copy of the above document with the Clerk of the Court using the CM/ECF system, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

Amanda Saeteurn



FENNEMORE CRAIG, P.C.
999 Third Avenue, Suite 600
Seattle, Washington 98104
(206) 749-0500